# CHARLESTON.

CREEL v. THE CHARLESTON NATURAL GAS COMPANY.

Submitted January 11, 1902.    Decided March 8, 1902.

1. GAS COMPANY—*Explosion—Liability.*
   If a tenant open a service pipe and knowingly permit the
   same to remain open and the gas to escape therefrom into or
   under the property occupied by him and then carelessly ignites
   the same, his landlord cannot recover from the gas company the
   damages occasioned by the resulting explosion, although such
   gas company was guilty of negligence in not having cut the
   gas off from such service pipe.

Error to Circuit Court, Kanawha County.

Action by T. M. Creel against the Charleston Natural Gas
Company.   Judgment for defendant.   Plaintiff brings error.

*Affirmed.*

J. W. KENNEDY, for plaintiff in error.

BROWN, JACKSON & KNIGHT, for defendant in error.

DENT, PRESIDENT:

T. M. Creel complains of a judgment of the circuit court of
Kanawha County dismissing his action against The Charleston
Natural Gas Company.

The facts are as follows:  John J. Cavin, tenant of plaintiff,
had natural gas put into plaintiff's building on Summers street
in the City of Charleston for heating purposes.   Several years
before this suit he directed the defendant that he wanted it cut
off.   The defendant shut it off by closing the service pipe, but
did not cut it off at the street main.   Cavin having re-rented
the building directed a plumber in his employ to unscrew the
arm of the service pipe that extended through the floor.   He im-
mediately discovered that the gas was still in the service pipe
and was escaping therefrom under the floor.   Instead of at once
restoring the pipe into the condition he found it he notified the
gas company to turn it off at the street main.   After some time
the defendant managed to find the stop cock and turn off the
gas, but in the mean time it had accumulated by escaping from
the service pipe under the floor.   Cavin threw a lighted match

down the hole in the floor. An explosion followed which wrecked the building. The plaintiff brought this suit to recover his damages. The circuit court excluded his evidence and directed a verdict for the defendant. This is the sole ground of error. Plaintiff insists that he is entitled to recover both by reason of the original act of negligence of the defendant in not turning off the gas at the street main and also its delay in not turning off the gas promptly when notified that it was escaping. The plaintiff through his tenant Cavin was perfectly aware of defendant's negligence, and yet he made no effort to prevent the escape of gas under his building, and then carelessly exploded it.

In his petition for an appeal the plaintiff says: "That when the said Ferguson unscrewed or detached said short perpendicular pipe extending up through the floor as aforesaid from the long service pipe extending from said stop cock in the alley into said building under the floor as aforesaid, he discovered the escape of gas and calling the attention of said Cavin to the fact, Cavin at once sent to the defendant company's office, which was only some few steps from the building, to notify it of the fact that the gas was escaping and to come and shut it off from the building at once. In response to this message no one was sent by the company to shut off the gas, and after waiting a few minutes said Cavin and said Ferguson went in person to the defendant's office and impressed upon said Penhale and Snider as such officers and managers of the company to come at once and shut off said gas from the building, as there was great danger of explosion."

This is an admission that both Ferguson and Cavin were aware of the danger of explosion that had been caused in opening the service pipe. The proper thing for them to have done at once was to have restored the service pipe to the harmless condition in which they found it, and then to have notified the defendant to turn the gas off at the street main. They turned the gas on. They should have turned it off. It is the legal duty of every interested person in discovering the negligence of another to use all reasonable means in his power to avoid the effects thereof, and if he does not do so, such negligence on his part becomes the proximate cause of any tort that may be occasioned thereby. The accumulation of the gas under the floor was occasioned by the negligence of Cavin and Ferguson in not im-

mediately closing the pipe opened by them after they were aware of the alleged negligence of the defendant, and the explosion was occasiond by the negligence of Cavin in throwing the lighted match into the gas after it had so accumulated. They will both know better next time. If our foreknowledge was equal to our after-knowledge, there are many wrongs that would not happen. Experience is a harsh but a sure teacher. These after acts of negligence on the part of Cavin and Ferguson with full knowledge of defendant's negligence must be held to be the, proximate cause of the explosion. They were the cause of it. For if they had not intervened notwithstanding the prior negligence of the defendant there would have been no explosion.

This case comes strictly within the principles settled in the case of *Schwartz* v. *Shull,* 45 W. Va. 405. This case is not governed by *Bartlett* v. *Boston Gas Light Co.,* 122 Mass. 209, for in that case it was not the fault of the tenant that the gas escaped ino the house. It is otherwise here, as there was no leak in defendant's pipes until the tenant made one and he immediately became aware of the fact, and its dangerous character, and did not attempt to avoid the effects thereof by repairing it. It is precisely the same as if there had been a key or stop cock on the pipe and on opening it he had found out that the gas had not been turned off of the service pipe, and instead of closing the stop cock as he should have done he left it open and the gas flowing in or under the house and went to look up the defendant' to turn it off at the main and then returned and being aware of the presence of the gas carelessly ignited it. To allow a recovery under such circumstances would be a perversion of justice and be rewarding the plaintiff at the expense of the defendant for the gross negligence of his tenant. One person has no right to take advantage of the oversight of another and knowingly be guilty of such an act of omission or commission, as will cause damage to property in his charge and then shift the burden therefor from his own shoulders to those of such other who though careless was guilty of no wilful or damaging wrong. On the contrary, if a person becomes aware of the thoughtless negligence of another which may result in harm to him and it is in his power to prevent such harm, it is his duty to do so, otherwise his negligence becomes the proximate cause of the injury and he cannot recover therefor. Of what a man by the use of ordinary prudence may prevent he has no right to complain. The tenant

could have done this. He did not do so. On the contrary added flame to the fuel of his own making and his landlord must look to him and not to another for the damage resulting therefrom. The circuit court therefore committed no error in excluding plaintiff's evidence and directing a verdict for the defendant, and its judgment is affirmed.

*Affirmed.*