# CHARLESTON

## GEORGE v. TRI-STATE GAS CO.

Submitted February 24, 1914. Decided April 21, 1914.

1. GAS—*Gas Company—Duties—Liability.*
   A company supplying gas to premises wherein the owner has his own gas appliances, is not liable for failure to shut off the gas from the premises when they are on fire, unless it is requested to do so or in some other way is put to notice that its aid in that particular is necessary to a protection of the property. (p. 178).

2. SAME—*Gas Company—Duty to Cut Off Gas—Fires.*
   Unless commanded by statute or municipal regulation, there is no legal duty compelling a gas company to maintain and operate a cut off for the safety of property to which it supplies gas, and as to which the owner has provided the gas appliances. (p. 180).

Error to Circuit Court, Brooke County.
Action by Lucy M. George against the Tri-State Gas Com-

pany. Judgement for defendant on directed verdict, and plaintiff brings error.

*Affirmed.*

*Caldwell & Caldwell* and *Hubbard & Hubbard,* for plaintiff in error.

*Russell & Russell* and *Erskine, Palmer & Curl,* for defendant in error.

ROBINSON, JUDGE:

During an Ohio Valley flood, plaintiff's house in Wellsburg became surrounded by water, and an explosion occurred in one part thereof, which wrecked the house partly and set it on fire. It was totally destroyed by the flames, together with the greater part of its valuable contents. Plaintiff alleges in this action that defendant is responsible for much of the loss. The house was supplied with natural gas by a service pipe from the street main of defendant, a natural gas company serving the public. The theory of plaintiff's case is that negligence of the company in not shutting off the gas from the property, so as to prevent a flow thereof into the burning building through broken pipes, made it impossible for those who fought the flames to put out the fire. She sues not for loss by the explosion, but for loss by a continuation of the fire, which continuation she charges was caused wholly by defendant's negligence in not shutting off the gas from the property. The question as to who or what caused the explosion is not involved in this action. The trial court having excluded plaintiff's evidence, and directed a verdict for defendant on which judgment followed, plaintiff has prosecuted a writ of error.

An agent of the company knew of the fire, being present at the property for a short time soon after the explosion. The gas could have been shut off at the street, though the curb box containing the cut off was under several inches of water, but the agent was not requested to shut it off there or elsewhere. No one sought him in this particular, though the fire continued for several hours and at no time was he more than two blocks away. Some of the firemen engaged in an effort to save the property knew where keys were kept not

far away for the purpose of turning off gas at the street, but did not go for them and dilligently seek to find the curb box. The gas appliances on the property belonged to the owner, not to the gas company. There was a cut off at the meter in the cellar, located near the top of the cellar stairs. It seems that it was even more practicable to shut off the gas from the burning building at this place than at the street. The cut off could have been reached by going to the cellar stairway, or by making a hole in the hall floor. Yet neither plaintiff nor anyone else made an effort to shut off the gas here. Plaintiff failed to have the gas turned off either at the street or in the cellar. Those making an effort to save her property failed likewise. Did defendant owe a duty to plaintiff to shut off the gas?

If plaintiff could not shut off the gas and she or some one for her requested the agent to shut it off, the company would no doubt be liable if he neglected to do so. Or, if the agent of the company actually knew that the gas had not been turned off and that the fire was being aggravated and continued by a flow of the gas which plaintiff could not control, he would owe her a duty on behalf of the company to act. But neither of these conditions is established in the case. We can not rightly hold that it is the duty of a gas company, supplying gas to premises as to which the owner has his own gas appliances, to shut off the gas from the premises when they are on fire, unless it is requested to do so or in some other way is put to notice that its aid is necessary for a protection of the property. Until such notice, the company may reasonably assume that the owner has facilities of his own for such protection, in connection with the gas appliances which he has put on his property, and that those facilities will be used. In the ordinary state of things, it may further assume, if nothing brings notice otherwise, that the fire company will shut off the gas if necessary in controlling the flames. Such assumptions are certainly most reasonable ones. None of the facts and circumstances proved bring notice to the agent of the gas company that it was his duty to act. The mere knowledge of the fire was not enough. If it were, then the gas company must answer every fire alarm and shut off the gas. In reason, this is not so. Though the company's agent was present or near at hand all the time, no one requested action on his

part. Would not this alone make him to assume that there was no duty on him—that plaintiff or the firemen had shut off the gas, or that they saw no necessity to shut it off? It is said he went two blocks away and remained there. He only did what any prudent man would do under the circumstances. The premises were in charge of a fire company. It was prudent for him not to interfere. He had the right to assume that they were capable of managing the fire, by shutting off the. gas or otherwise. Moreover, he had the right to assume that they would call for him if anything in connection with the gas required his services. It seems strange that if it was believed necessary to shut off the gas to stop the fire, that plaintiff, or the firemen for her, did not use the cellar cut off, or, that failing, appeal to the company's agent who was near. Surely the necessity to shut off the gas from the building was not apparent to those most interested, or they would have sought every reasonable recourse to shut it off. Though a cut off in the cellar was within reach, keys for the curb box obtainable, and defendant's agent near, they sought none of them. If the necessity was not so apparent to those directly in charge as to call for these things, why more apparent to the company's agent? Shall we hold the gas company to a degree of care which the plaintiff, or those acting in her stead, did not observe? If conditions did not bring notice to the owner, and to firemen presumably skilled in such matters, of continued damage from the gas, how can we justly say that those conditions brought notice thereof more strongly to defendant?

There is no legal duty compelling a gas company to maintain and operate a cut off for the safety of property to which it supplies gas, where the owner has provided the gas appliances on the property. Statute, municipal ordinance, or franchise might make it otherwise, but no such regulation is shown in this case. In *Holden* v. *Liverpool New Gas Company*, 3 C. B. 1, Tindal, C. J., held that where one by his own appliances takes gas on his property, the duty is on himself when he is leaving the house vacant to shut off the gas from the pipes in the house by a stop cock which he has as a part of his appliances, and thus to provide against leaks in the pipes likely to cause explosion. He can not

hold the company liable for damages from an explosion by gas accumulating during vacancy of the premises, on the ground that it did not provide for turning off the gas at the street, but is responsible for his own negligence in not using the cut off on the premises and thus preventing leaks. The analogy of that case to the one under consideration is readily observable. The principle of the holding is directly applicable here. Plaintiff here could have shut off the gas by her own appliances and prevented leaks during the fire, just as it was there held that the plaintiff could have prevented leaks during the vacancy of the premises. Plaintiff here could have prevented a continuation of the fire, just as it was there said that plaintiff could have prevented the explosion. The same principle indeed appears in *Creel* v. *Charleston Natural Gas Co.*, 51 W. Va. 129. True, in the case we are considering, there were conditions of flood, explosion, and fire, but we can not conceive how the presence of those conditions alone may shift the duty to protect the property on defendant, and relieve plaintiff of the natural duty to use the agencies and opportunities open to her to do the very thing she would hold defendant responsible for not doing. It is said that the occasion was one of excitement. Naturally, it was. But the law surely does not enjoin on a gas company, simply because it supplies gas to the premises of a property owner, the duty of furnishing also presence of mind to the owner for care of his property in times of emergency.

The direction of a verdict for defendant was not error. The judgment will be affirmed.

*Affirmed.*