## BIGBY *v.* ATLANTA & WEST POINT RAILROAD CO.

Although a corporation, at the instance of a married woman, may have transferred to her husband shares of its capital stock which had been issued to her, but which she had without an order of court sold to him, yet the corporation can not be held accountable to her therefor, unless, at the time it made the transfer of the same or before the stock got into the hands of an innocent purchaser, it had notice of the marital relation existing between her and the person to whom she directed the transfer to be made, and the resulting incapacity on her part to make such unauthorized sale to him.

Argued January 20,—Decided March 4, 1904.

Equitable petition. Before Judge Lumpkin. Fulton superior court. May 1, 1003.

*Westmoreland Brothers*, for plaintiff.

*Dorsey, Brewster & Howell*, for defendant.

TURNER, J.   Elizabeth K. Bigby brought a suit against the Atlanta & West Point Railroad Company, alleging that she had been the owner of one hundred shares of the capital stock of that corporation; that on the 5th day of June, 1893, she had undertaken to sell these shares of stock to her husband, John S. Bigby, without an order of court; and that the defendant company, acting under a power of attorney which she had given to one H. M. Abbett, had entered a transfer of the stock to her husband on its books and issued a new certificate to him, which he afterwards sold and transferred in his own right to a person not cognizant of the circumstances under which he had come into possession of the same.   The plaintiff further alleged that she had not, since her attempted sale of her stock to her husband, received any of the dividends thereon which had been declared by the company; and she characterized such sale and transfer of the stock to him as void, and prayed that she be decreed to be a stockholder of the company to the extent of said one hundred shares; that the defendant be required to issue to her a new certificate therefor, or, in default thereof, that she have judgment against the defendant for the value of said shares of stock; and that the company should also be required to account to her for all dividends declared thereon since her attempted sale to her husband, besides interest, etc.   To this petition the defendant demurred, (1) because the allegations therein set forth did not authorize any recovery by the petitioner; and (2) because her cause of action, if any she had, was barred by the statute of limitations.   The court below sustained the demurrer and dismissed the case, and on exceptions to its judgment the case is brought to this court.

As an excuse for not pursuing the stock and recovering it from the present owner of it, the plaintiff averred in her declaration that her husband had sold and transferred the same to an innocent purchaser.   If, now, it is proposed to hold the defendant corporation accountable for this stock, or its value, it would seem to be incumbent on the plaintiff to show, at least, that the defendant, before the stock went into the hands of such innocent purchaser, had notice of the marital relation existing between her and John S. Bigby.   There is in her petition no averment that the defendant was cognizant, at the time it issued to him a new certificate and entered on its books a transfer to him of this

stock, that for any reason he was not to be regarded as the legal owner of the same. Nor does the plaintiff allege that, at any other time prior to his sale of the stock to an innocent purchaser, the corporation had notice of the fact that she was the wife of the person to whom she had caused it to transfer her stock, or knowledge of any fact sufficient to put it upon inquiry as to the invalidity of her sale to him, which was made through her attorney in fact. This being so, we are of the opinion that the plaintiff was not, under the facts stated in her petition, entitled to any of the relief for which she prayed. We are unable to see how the defendant corporation could now be required to issue to her a certificate for the one hundred shares of stock which, she states, are already held by a bona fide purchaser from her husband. But be this as it may, the plaintiff is certainly not entitled to call on the defendant to account for these shares of stock, unless it occupied the position of a wrong-doer relatively to the transaction of which she complains. We therefore hold that the first ground of the demurrer afforded ample cause for dismissing the action. It is unnecessary to pass on the question raised by the second ground of the demurrer, wherein the defendant pleaded the statute of limitations, by way of further defense.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*