### 5118.　JANES *v.* CITY OF CEDARTOWN.

1. Damages growing out of a tort can not be set off to an action ex contractu, unless some equitable reason for so doing exists; and then can be set off only in a court having equitable jurisdiction.
2. The allegations of the defendant's answer were not sufficient to show a breach by the plaintiff of a contract made with the defendant through an agent of the defendant.

DECIDED DECEMBER 9, 1913.

Complaint; from city court of Polk county—Judge Irwin.　July 15, 1913.

*W. W. Mundy,* for plaintiff.　*W. G. England Jr.,* for defendant.

POTTLE, J.　The City of Cedartown brought suit against Mrs. C. G. Janes on a promissory note.　The defendant pleaded that at the time the note was executed her husband was dangerously ill and had been for some time, and that she was so fatigued and worried on account of her constant attention to him during his illness, and was in such a mental and physical condition on account of this fatigue and worry, that she was unable to understand her act in executing the note, or its legal significance.　She further pleaded, that at the time the note was executed the City of Cedartown was indebted to her in the sum of $400, by reason of the fact that the city had damaged her property by raising the street and sidewalk in front of her residence, and thereby caused water to accumulate in her yard and under her house to the depth of eighteen inches; that this action of the city diminished the market value of her property not less than $200, and it would cost her at least $200 to raise her yard to a level with the sidewalk and street; that she had given the city no authority to damage her property, and the work was performed on a promise by the city, through the agents who did the work, to fill in her yard and replace her shrubbery and plants, of the value of $100, and prevent the accumulation of water in her yard and under her house; that these promises had been partially fulfilled before the execution of the note, but after the signing of the note the city desisted from filling in and leveling her yard, and had left it in such condition that the water accumulated several inches deep, both in her yard and under her house; that the city persistently refused to perform the obligations resting upon it, and committed a breach of its contract, to her injury and damage; and that the plaintiff's claim and her claim grew out of the same transaction and were

mutual demands. The answer did not allege what was the consideration of the note sued on. The trial judge struck the answer, on demurrer, and awarded judgment against the defendant; and this is assigned as error.

There was no error in striking the answer. It set forth no defense of which the defendant could have the benefit in this suit. It is clear that the answer was merely an effort to set off damages arising ex delicto in an action which was proceeding ex contractu. Even if there had been an equitable reason for allowing such a defense, it could not have been maintained in the city court. *Howe* v. *Burnheim Dist. Co.*, 8 *Ga. App.* 771 (70 S. E. 176) ; *Hecht* v. *Snook*, 114 *Ga.* 921 (41 S. E. 174). The answer was not sufficient to show such mutual demands between the parties as to authorize a defense under section 4340 of the Civil Code. Evidently the pleader was attempting to come within the rule laid down in *Pickett* v. *Andrews*, 135 *Ga.* 299 (69 S. E. 478), to the effect that unliquidated damages arising from the breach of a contract may be set off in an action ex contractu, but the answer did not sufficiently allege a contract between the defendant and the city, nor did it aver such a breach of the contract by the city as would justify a recovery of damages against it. The allegation upon this subject is that the persons who did the grading for the city promised to fill in the defendant's yard and to replace her shrubbery and plants, of the value of $100, and to prevent an accumulation of water in the yard, and that in pursuance of this promise these persons did partially fill in the yard. There is no averment as to who these persons were, or that they had authority to bind the city by such an undertaking. The defendant's right to damages depended wholly on the tort alleged to have been committed, and there was no error in striking her plea.　　*Judgment affirmed.*