### MUNROE *et al.* v. BALDWIN.

1. A deed properly attested and recorded is admissible in evidence without further proof of execution. And although a deed may not be properly attested or probated to authorize its record, nevertheless this will not prevent it from conveying title as against the grantor and his heirs. *Downs* v. *Yonge,* 17 *Ga.* 295; *Johnson* v. *Jones,* 87 *Ga.* 85, 89 (13 S. E. 261); *Howard* v. *Russell,* 104 *Ga.* 230, 232 (30 S. E. 802).

2. If secondary evidence, such as a copy of a deed from the record, where the original was not properly attested or probated to authorize its admission to record, is admitted in evidence without objection, it is to be considered as evidence, and a charge or verdict may be based upon it; and such a verdict will not be set aside as being unsupported by evidence. *Goodwyn* v. *Goodwyn,* 20 *Ga.* 600; *Chance* v. *Summerford,* 25

*Ga.* 662; *Sumner* v. *Bryan*, 54 *Ga.* 613; *Patton* v. *Bank of La Fayette*, 124 *Ga.* 965 (7), 973 (53 S. E. 664, 5 L. R. A. (N. S.) 592, 4 Ann. Cas. 639).

3. Even if a deed from a husband to his wife, conveying land for a money consideration, falls within the provisions of the Civil Code (1910), § 3009, which declares that no contract of sale by a wife of her separate estate with her husband shall be valid unless it is allowed by order of the superior court of the county of her domicile, so that such a deed without an order of court is invalid, the right to assail its validity on this ground is personal to her and her privies in blood or estate, and can not be asserted by persons who as heirs of the husband bring an action to recover the land from one holding by a chain of title under the wife. *Scaife* v. *Scaife*, 134 *Ga.* 1 (67 S. E. 408). See also, in this connection, *Webb* v. *Harris*, 124 *Ga.* 733 (53 S. E. 247).

4. In such a suit by the heirs of the husband, to recover the land from one holding under the wife, the deed from the husband to the wife was admissible against the plaintiff, over the objection that it was not valid because not authorized by an order of court. No objection was made to the introduction in evidence of the certified copy of the deed on the ground that such deed was not properly attested to authorize it to be recorded.

5. A suit having been brought by certain persons as heirs of a deceased husband, seeking to recover land from one who claimed to hold by conveyances under the wife of the plaintiff's ancestor, and the uncontradicted evidence showing that the husband conveyed the land to his wife for a pecuniary consideration, there was no error in directing a verdict for the defendant.

MAY 12, 1916.

Complaint for land. Before Judge Bartlett. ˙Haralson superior court. July 22, 1915.

*Hutchens & Hutchens,* for plaintiffs.

*Griffith & Matthews,* for defendant.

LUMPKIN, J.   B. A. Munroe and others brought suit against J. E. Baldwin, seeking to recover a lot of land and mesne profits. They alleged that they were all of the heirs of B. O. Munroe, deceased, and that there was no administration on his estate. It was shown that B. O. Munroe executed a deed to his wife, and that he and she continued to live together on the land. The defendant introduced in evidence a certified copy of a deed from B. O. Munroe to his wife, which expressed a consideration of $3,000. From this it appeared that the deed was attested by two witnesses, neither of whom was an official witness, and that it was probated for record by a third person, who did not appear as a witness. No objection was made to the evidence on that ground; but objection was made on the ground that the conveyance was from a

husband to his wife, and that no order of court confirming the sale was shown. The objection was overruled, and the copy deed admitted. The defendant introduced in evidence a copy of a deed from the wife to the Georgia Loan and Trust Company, to secure a debt. This deed contained a power of sale, authorizing the grantee (in the language of the synopsis of it contained in the bill of exceptions) "to advertise and sell the lands therein described, in the event of a default in the payment of the principal and interest, or either, after having advertised the same a certain time specified in the deed." The defendant introduced also a deed from the wife, by the Georgia Loan & Trust Company as attorney in fact, to W. O. Strickland and J. L. Eaves, conveying the premises in dispute. The bill of exceptions recites: "said deed purporting to be made by virtue of a sale under the power conferred in the security deed made from the said Millie C. Munroe [the wife] to the said Georgia Loan & Trust Company." A bond for title from Eaves and Strickland to J. E. Baldwin and Mrs. G. N. Baldwin was introduced. The court directed a verdict for the defendant, and the plaintiffs excepted.

The legal principles controlling the case are sufficiently stated in the headnotes. We need not discuss whether a conveyance from a husband to his wife, based on a pecuniary consideration, falls within the language of the Civil Code (1910), § 3009, which declares that "No contract of sale of a wife as to her separate estate with her husband or her trustee shall be valid, unless the same is allowed by order of the superior court of the county of her domicile." Whether the payment of money by the wife for a conveyance from her husband, or the accepting of such a conveyance from him in discharge of an indebtedness due by him to her, can fairly be called a contract of sale by the wife with her husband as to her separate estate, is not now before us for determination. There has been some discussion on this subject heretofore. If it be assumed that such a transaction falls within the terms of the code section above quoted, the purpose of that section is to protect the wife, and she or her privies alone can attack the conveyance as invalid. The plaintiffs in the present case claim under the husband as his heirs, the defendant under the wife. The undisputed evidence showed title out of the husband; and the direction of a verdict in favor of the defendant was right.

*Judgment affirmed. All the Justices concur.*