### WILLIAMS *v.* RHODES.

HILL, J.  1. Even if a deed from a husband to his wife, conveying land for a money consideration, falls within the provisions of the Civil Code, § 3009, which declares that "No contract of sale of a wife as to her separate estate with her husband or trustee shall be valid, unless the same is allowed by order of the superior court of the county of her domicile," so that such a deed without an order of court is invalid, the right to assail its validity on this ground is personal to her and her privies in blood or estate. *Munroe* v. *Baldwin,* 145 *Ga.* 215 (88 S. E. 947). It cannot be asserted by a creditor of the husband, who has reduced his debt to judgment against the husband after the deed by the husband to the wife, and caused the land to be levied upon as the property of the husband under an execution based on such judgment.
2. Under the principle above stated it was erroneous to exclude from evidence the deed offered by the claimant from her husband (the defendant in fi. fa.), and to direct a verdict finding the property subject.

> *Judgment reversed.    All the Justices concur.*

> No. 1159.    JUNE 12, 1919.

Claim. Before Judge Walker. Glascock superior court. August 20, 1918.

*M. L. Felts,* for plaintiff in error.    *J. C. Newsome,* contra.