## McARTHUR, executrix, v. RYALS et al.

1. The court did not err in overruling the demurrer. Permissive possession of land can never ripen into a prescriptive title until an adverse claim and actual notice is given to the other party.

2. Grounds 4, 7, 8, 9, 12, 13, and 15 of the motion for new trial are merely an elaboration of the general grounds, and are without merit, there being sufficient evidence to authorize the verdict.

3. The exception in ground 11 of the motion for new trial is that the charge therein complained of was unauthorized by the evidence; but an examination of the evidence shows that the charge was authorized, and the exception is without merit.

4. Ground 14 of the motion for new trial complains that the court erred in charging the jury that a husband may legally sell his property to his wife for her money without first obtaining an order from the superior court of her domicile. "In this particular case the court charged the jury a husband may legally sell his real estate to his wife for her separate money and make her a good deed without first obtaining an order from the superior court of her domicile. Movant says this charge of the court was error and had much to do with influencing the jury in a verdict for the plaintiff." For the reasons set out in the second division of this opinion the charge complained of is not erroneous for any reason assigned.

5. "Even if a deed from a husband to his wife, conveying land for a money consideration, falls within the provisions of the Civil Code, § 3009, which declares that 'no contract of sale of a wife as to her separate estate with her husband . . shall be valid, unless the same is allowed by order of the superior court of the county of her domicile,' so that such a deed without an order of court is invalid, the right to assail its validity on this ground is personal to her and her privies in blood or estate."

6. The charge of the court set out in the third division of the opinion is not error on the ground that the judge either expressed or intimated an opinion as to what had or had not been proved; what was said by the trial judge was merely a statement of what the court understood to be the contentions of the plaintiffs.

No. 5069.     June 25, 1926.

Equitable petition. Before Judge Sheppard. Tattnall superior court. August 22, 1925.

M. M. Ryals and others, as children and grandchildren of Henry Ryals and Annie Ryals, brought an equitable petition against Henry Ryals, and alleged in substance the following: Henry Ryals is the father of some of the plaintiffs, and grandfather of the

Adverse Possession, 2 C. J. p. 132, n. 9; p. 134, n. 30; p. 135, n. 32.
Appeal and Error, 4 C. J. p. 834, n. 60.
Husband and Wife, 30 C. J. p. 714, n. 38, 41.
Trial, 38 Cyc. p. 1623, n. 49; p. 1653, n. 11 New.

others; and Annie Ryals, now deceased, was the mother of some of the plaintiffs named, and the grandmother of the others. Plaintiffs are the heirs at law of Annie Ryals, who died intestate on or about September 19, 1893, and there has never been any administration on her estate. Plaintiffs Mrs. Nellie K. Still, Henry Lee Copps, and Jesse Copps are entitled to their mother's interest in the said estate, their mother, Frances Copps, being dead. Annie Ryals, at the time of her death and for a long time prior thereto, was the wife of Henry Ryals; and sometime during the year 1886, the exact time being unknown to plaintiffs, Annie Ryals, while the wife of Henry Ryals, obtained from her father's estate the sum of $1200 as an heir at law, and she expressed a wish to invest the amount in the purchase of land as a home for her and her children. At that time Henry Ryals proposed to Annie Ryals, his wife, that if she would let him have the amount of $1200 he would sell and convey to her a certain described tract of land which he owned, to which proposition Annie Ryals agreed, and thereupon she paid over to Henry Ryals the sum of $1200 as the purchase-price in full for the tract of land, which amount was accepted by Henry Ryals as the full purchase-price thereof. At the time the purchase-price of the land was paid to Henry Ryals by his wife, about forty acres of the land was cleared and in a state of cultivation, and thereafter during the lifetime of Annie Ryals Henry Ryals recognized and acknowledged the land to be the property of his said wife, but delayed the execution and delivery of a deed conveying to her the legal title to the land before Annie Ryals died. After the death of his wife Henry Ryals continued to acknowledge and recognize the tract of land as the property of the estate of his deceased wife, although he had never executed and delivered to her a deed conveying the same; and about twenty-five years before the present suit the plaintiffs were about to institute an action against Henry Ryals, praying for a decree declaring the title in the land to be in plaintiffs and the said Henry Ryals as tenants in common, Henry Ryals being then an heir at law of Annie Ryals, deceased, equally with plaintiffs; but at the request of Henry Ryals to the effect that if petitioners would refrain from bringing the action and let him use the land during his lifetime, plaintiffs would at his death have their full share in the land, and because of the advanced age of Henry Ryals and of

their filial affection for him as their father, plaintiffs refrained from bringing the action and consented that he should continue to occupy the land and use the same for his own benefit. In accordance with the consent and agreement on the part of plaintiffs that Henry Ryals could continue to occupy and use the land, it being the. implied understanding that such use and enjoyment would be limited to such agricultural purposes as such land is ordinarily used for, Henry Ryals continued to occupy and use the land for his own benefit, having in the meantime cleared and put in cultivation other large portions of the land, so that there are now about two hundred acres in .a state of cultivation, the value of such use and enjoyment for the length of time enjoyed by defendant being $4,000; but the defendant did not confine himself to the ordinary use and enjoyment of the land, but has in addition thereto, and without the consent of plaintiffs, sold large quantities of timber from the land, amounting to about $12,000 in value, and appropriated the same to his own use and benefit. During the time Henry Ryals continued to occupy and use the land, it was done, so far as known to plaintiffs, by virtue of the consent and agreement made by plaintiffs, and Ryals has never, so far as known to plaintiffs, asserted any claim or title to the land adverse to plaintiffs' rights and equitable title therein until recently. Plaintiffs allege, from information and belief, that Henry Ryals, about two or three months prior to bringing the suit, made and declared his last will and testament, in which will be bequeathed and devised all his real and personal property, after the payment of his debts, to his daughter, Mrs. Susanna McArthur, claiming, at the time of making the will, that the entire tract of land herein described was his individual property, thus setting up an adverse title to the entire tract of land against any right or claim of plaintiffs. Plaintiffs are entitled to the possession, use, and enjoyment of their proportionate shares as heirs at law of Annie Ryals, deceased; they are entitled to a decree declaring the equitable and legal title in the land vested in Mrs. Annie Ryals at the time of her death, and providing for partition of the land among all the heirs at law of Mrs. Annie Ryals; and they are entitled to an accounting from Henry Ryals of all the rents, issues, and profits derived by him from the land since the same was purchased from him by his wife, and the right to have said

amount of rents, issues, and profits charged up against the share
that Henry Ryals would be entitled to as an heir at law in the
estate of his wife. The prayers of the petitioners were in ac-
cordance with the last-stated allegations, and also for general re-
lief. By an amendment the plaintiffs prayed that a commissioner
or commissioners be appointed to partition and divide the tract
of land among the heirs at law of Mrs. Annie Ryals, deceased, ac-
cording to the verdict that may be rendered in the case.

The defendant demurred to the petition, on the grounds that
on its face it shows that the plaintiffs are not entitled to the
relief sought; that the pretended claim is out of date; that plain-
tiffs are seeking to do indirectly what they can not directly do;
that if plaintiffs have a claim it is for specific performance, and
the facts alleged are stale, and the law will not maintain their
claim in an action of specific performance, "for the reason that
something like forty years has run," and they attempt to recover
by ejectment and accounting, when they have no title to the land,
and the law will not decree them a title. The court overruled the
demurrer, and the defendant excepted pendente lite. The defend-
ant in his answer admitted some of the allegations of the petition,
but denied the material ones, and averred that the land referred
to in petition is his own property, that he never offered to sell it to
his deceased wife, and that he has held it for the past forty years
as his own property.

The jury returned a verdict in favor of the plaintiffs, "and each
shall share one fifth part of the Dick Strickland place, said place
to be partitioned. Henry Ryals to have possession until his
death." A motion for new trial was overruled, and the defend-
ant excepted. After the case was brought to this court, the plain-
tiff in error died, and his executrix was made a party in his stead.

*W. T. Burkhalter,* for plaintiff in error.

*A. S. Way* and *H. H. Elders,* contra.

HILL, J. The substance of the petition is set out in the fore-
going statement of facts. The defendant demurred to the peti-
tion, on the grounds that the plaintiffs were not entitled to the
relief sought; that the claim is out of date; that the plaintiffs
are seeking indirectly to do what they can not do directly; that
if they have a claim it is for specific performance, and the facts
alleged are stale, and the law will not maintain their claim in an

action of specific performance, for the reason that something like forty years has elapsed; and an attempt to recover by way of ejectment and accounting can not be maintained when they have no title to the lands, and the law will not decree them a title.

1.  We are of the opinion that the facts set out in the petition are sufficient to withstand the demurrer which was overruled by the court.   Permissive possession of land can never ripen into a prescriptive title until an adverse claim and actual notice is given to the other party.   Civil Code (1910), § 4164.   No such notice appears from the petition in this case.   It appears from the petition that after Mrs. Ryals, the mother of some and grandmother of the others of the plaintiffs, paid to the defendant, Henry Ryals, the full purchase-price of the land, he continued to hold possession thereof for the wife without making her a deed to the land, which he had agreed to do.   In these circumstances it will be held that the wife held the land under a perfect equitable title.

2.  Ground 6 of the motion for new trial complains that in the trial of the case there was "no contention or evidence that this said sale and purchase of the said $1200 for the said real estate was allowed by any order of any superior court of said State, but on the contrary the evidence shows no such order was obtained. Therefore the said sale was invalid, and the wife's remedy was to recover back her money if she wanted to.   Movant further contends from plaintiffs' contentions it conclusively is presumed that his said wife made him a gift of the said $1200, which he knows he never did receive under any condition," etc.   This contention is without merit.   "Even if a deed from a husband to a wife, conveying land for a money consideration, is invalid because evidencing a sale of the separate estate of the wife, for which no order has been obtained in accordance with the provisions of the Civil Code, § 2490, the right to assail its validity on this ground is personal to the wife and her privies in blood or estate, and can not be asserted by a stranger to her title." *Scaife* v. *Scaife,* 134 *Ga.* 1 (67 S. E. 408).   In *Williams* v. *Rhodes,* 149 *Ga.* 170 (99 S. E. 531), it was held: "Even if a deed from a husband to his wife, conveying land for a money consideration, falls within the provisions of the Civil Code, § 3009, which declares that 'no contract of sale of a wife as to her separate estate with her husband or her

27

trustee shall be valid, unless the same is allowed by order of the superior court of the county of her domicile,' so that such a deed without an order of court is invalid, the right to assail its validity on this ground is personal to her and her privies in blood or estate. *Munroe* v. *Baldwin,* 145 *Ga.* 215 (88 S. E. 947). It can not be asserted by a creditor of the husband who has reduced his debt to judgment against the husband after the deed by the husband to the wife, and caused the land to be levied upon as the property of the husband under an execution based on such judgment."

It will be observed that the plaintiff in error is not claiming title under his wife, but is claiming adversely to her, "and that he has never offered to sell it to his deceased wife, that he has held it for the past forty years as his own property." So it can not be said that he is either the privy in blood or estate of his wife. It is true the jury found in his favor a one-fifth interest in the land in question as an heir at law of his wife; but his pleadings and evidence are to the effect that he did not claim under his wife, but that he held a separate and distinct title.

3.   Ground 10 of the motion for new trial complains that the court erred in charging the jury in violation of the Civil Code (1910), § 4863, prohibiting the judge from either expressing or intimating an opinion as to what has or has not been proved, to wit: "This is a suit brought by M. M. Ryals and others against Henry Ryals. It is an equitable suit, not exactly in the way of the recovery of lands but to decree the title in them, claiming the right and equitable title in certain described tract of land along with Henry Ryals; and they have brought this suit to declare their title and interest in it, and ask for a partition; and they further ask that Mr. Ryals, who has been for a long time in the peaceable possession of it, I mean in the permissive possession of it, using it with their consent, that he be required to account for the rents, issues, and profits that came into his hands by reason of his occupancy thereof." It is insisted that the court expressed his opinion to the jury of the character of the possession of movant, and that he held the premises "as being permissive." We are of the opinion that the charge complained of in this ground of the motion was not an expression on the part of the court as to what the evidence was in the case, but was merely a statement of what the

court understood to be the contentions of the plaintiffs. The court, almost immediately following the excerpt from the charge of the court complained of, instructed the jury as follows: "Now those are generally the principal contentions of the plaintiffs."

The petition in this case alleged that the defendants, Henry Ryals and Mrs. McArthur, were heirs at law of Mrs. Annie Ryals, and the prayer was "that in said decree it be provided that said land be partitioned and each of the heirs of said estate receive his or her proportionate part of said land," etc. The verdict was, "We, the jury, find in favor of the plaintiffs, and each shall share one fifth part of the Dick Strickland place," etc. The decree provided, among other things, that "the absolute right, title, and interest, in fee simple, to one fifth undivided interest be and is hereby vested in each of the heirs at law of Annie Ryals, deceased, to wit, Henry Ryals, M. M. Ryals, Mrs. Annie Thompson, Mrs. Susanna McArthur; and one fifth interest jointly in Mike Copps, Mrs. Nellie K. Still, Henry Lee Copps, and Jesse Copps, the husband and children of Mrs. Frances Copps, who was a child of said Annie Ryals, deceased, in and to that certain tract or body of land known as the Dick Strickland place," etc. Under the pleadings and evidence the verdict, properly construed, gave each of the heirs at law of Annie Ryals one fifth interest in her estate, including Henry Ryals, who was given, in addition, possession of all the property during his lifetime. The decree, construed in the light of the pleadings and evidence, properly gave to each of the heirs at law of Annie Ryals one fifth interest in her estate, and did not exclude any of them. In view of the entire record it can not be held that either the verdict or decree, or both, are void. None of the heirs are excluded.

Other headnotes require no elaboration. The evidence authorized the verdict, and the judge did not err in overruling the motion for new trial. *Judgment affirmed. All the Justices concur, except*

HINES, J., dissenting. 1. The jury returned a verdict in favor of the plaintiffs, and further found that each of them shall share one fifth part of the land in dispute, but that the defendant shall have possession until his death. The defendant in his motion for new trial excepts to this verdict, on the ground that it is not supported by the pleadings and the evidence. In their petition the plaintiffs allege that about twelve or thirteen years ago they were

about to institute an action against the defendant, Henry Ryals, praying for a decree declaring the title in the land in dispute to be in them and Henry Ryals jointly or in common, Henry Ryals being then an heir at law of Annie Ryals, deceased, equally with them; but that at his request to the effect that if petitioners would refrain from so doing, and let him use the land for his lifetime, they would at his death have their full share in said land, petitioners, because of his advanced age, and because of their filial feeling for him as their father, refrained from bringing said action, and consented that he should continue to live on said land and use the same for his own benefit. They further allege that in accordance with said agreement the defendant continued to occupy and use said land; that they are now entitled to the possession and enjoyment of their proportionate shares of said land as heirs at law of said Annie Ryals; that they are entitled to a decree declaring that the equitable and legal title to said land vested in Annie Ryals at the time of her death, and providing for the partition of said land among all the heirs at law of Annie Ryals, deceased; that they are entitled to an accounting from Henry Ryals for all the rents and profits derived from said land since the same was purchased by his wife, Annie Ryals, and the right to have such amount of rents and profits charged up against the share to which he would be entitled as an heir at law in said estate. They pray for a decree declaring that Annie Ryals was seized and possessed of the legal and equitable title in said land, and that petitioners were her heirs at law and entitled to share proportionately in such land or the proceeds thereof; that said land be partitioned and that each of the heirs of said estate receive his share thereof; that the said Henry Ryals be required to account for the rents and profits received by him from said land since the same was purchased from him by his wife, and that the same be charged against his share in said land as an heir at law of his wife. Two of the plaintiffs are children of Annie Ryals, deceased, and three of them are her grandchildren, the latter being children of Frances Copps, a deceased daughter of Annie Ryals. Annie Ryals died intestate, leaving four children and her husband as her heirs at law. One of these children is now Susanna McArthur. According to the contention of the plaintiffs, the two plaintiffs who are children of Annie Ryals, deceased, are entitled each to one fifth undivided

interest in this land, and the three grandchildren who are plaintiffs, and who are children of Frances Copps, deceased, are jointly entitled to one fifth undivided interest in this estate, and Henry Ryals and Susanna McArthur are entitled each to a one fifth undivided interest in this land.

This verdict cuts out entirely Susanna McArthur and Henry Ryals, if the same is enforced according to its terms. By the decree which was rendered on this verdict, it was adjudged that Henry Ryals, M. M. Ryals, Annie Thompson, and Susanna McArthur were entitled each to one fifth interest in the land in dispute, and that the grandchildren of Annie Ryals, who are plaintiffs, are entitled jointly to one fifth interest in this land. The objection to the verdict seems to be well taken. There were five plaintiffs, and the verdict awarded to each of them one fifth. interest in the land in dispute. This entirely cut out two of the heirs at law of Annie Ryals. This rendered the verdict illegal, because it was not rendered in accordance with the pleadings and the evidence. The ground of the motion for new trial complaining of the verdict in this respect was well founded, and a new trial should have been granted. This defect in the verdict was not cured by the decree. A decree can not render an illegal verdict legal.

2. I can not agree with the principle announced in the second division of the opinion in this case. If the sale of this land from Henry Ryals to his wife was void for the reason assigned by the husband, he was not precluded from attacking the alleged contract of sale upon the ground that he was a stranger to the title of the wife. In the first place he was a party to the contract; and if the same was void for any reason, he could attack it on such ground. Besides, he was an heir at law of his wife, was a privy in estate with her, and was in no sense a stranger to her title. For this reason I can not agree that the principle announced in *Scaife* v. *Scaife,* 134 *Ga.* 1, *Munroe* v. *Baldwin,* 145 *Ga.* 215, and *Williams* v. *Rhodes,* 149 *Ga.* 170 (supra), is applicable under the facts of this case. The fact that the husband denied that he had ever sold the land in dispute to his wife does not alter the case. If he failed in this contention, he could still assert that if the sale was made it was void because it came within the provisions of section 3009 of the Civil Code, which declares that "No contract of sale of a wife

as to her separate estate with her husband or her trustee shall be valid, unless the same is allowed by order of the superior court of the county of her domicile." By an exception to an instruction by the court, in which the jury were told that such a transaction between husband and wife was valid, the defendant in his motion for new trial raised this question; and this question, being thus presented to this court, should be decided by it. Believing that the reply of the court to this objection of the defendant to this instruction is not well taken, I can not go with the majority in this ruling.

For the above reasons I feel constrained to dissent from the opinion of the majority.