ROYSTER GUANO COMPANY *v.* ODUM, administrator.

ATKINSON, J. 1. The right to attack a deed to realty, based on a valuable consideration, executed by a wife to her husband, on the ground that it was a sale of her separate estate and void under the provisions of the Civil Code (1910), § 3009, is personal to the wife, and such a deed can not be attacked upon such ground except by her or her privies in blood or estate. *Scaife* v. *Scaife,* 134 *Ga.* 1 (67 S. E. 408), and cit.; *Munroe* v. *Baldwin,* 145 *Ga.* 215 (3) (88 S. E. 947); *Williams* v. *Rhodes,* 149 *Ga.* 170 (99 S. E. 531). A wife's judgment creditor for the price of goods sold to her is not her privy by blood or estate, and as such authorized to attack her deed upon grounds as above indicated.

2. Under the facts of this case the administrator of the estate of the deceased husband was not estopped from asserting title to the land conveyed by the wife to the husband.

3. On the trial of the case, in which a levy upon the land as the property of the wife was resisted by a statutory claim interposed by the administrator of the estate of the deceased husband, a verdict finding "in favor of the claimant the title to the land in question" is to be construed as including a finding that the property is not subject to levy and sale

under the fi. fa., and is sufficient in form to comply with the ruling in *Widincamp* v. *James*, 129 *Ga.* 279 (2) (58 S. E. 836), and cit.

4. At the conclusion of the evidence offered by both sides the judge did not err in directing a verdict for the claimant as above indicated.

*Judgment affirmed. All the Justices concur.*

No. 6463. JANUARY 17, 1929.

*A. S. Way,* for plaintiff.