21929.   GEORGIA CASUALTY COMPANY *v.* McRITCHIE.

698

Decided September 21, 1932.
Adhered to on rehearing, October 1, 1932.

*Jones, Evins, Moore & Powers,* for plaintiff in error.

*Hall, Grice & Bloch, Watkins, Asbill & Watkins,* and *Sidney Holderness,* contra.

Jenkins, P. J.  This was a suit in trover, brought in two counts, by a married woman against a corporation, for the recovery of certain shares of the capital stock of the defendant.  The first count sought to recover 200 shares of stock which it was alleged the corporation had transferred upon its books to her husband upon a trans-

fer by the wife to the husband of the stock certificate, it being alleged that the corporation then knew of the relationship of husband and wife, but not that it knew that the wife, a resident of a different county, had failed to obtain an order from the superior court in the county of her residence, authorizing the sale to her husband. It was alleged that no such order was in fact obtained, and that the sale for that reason was void. It appears from the petition that the husband, after receiving the new certificate, transferred it to an innocent third person, who acquired a good title thereto as against any claim of the plaintiff; and that several years thereafter the plaintiff demanded of the defendant the return of the stock, which had then already depreciated fifty per cent. in value. The evidence does not disclose what value the stock might have had at the time of the trial. The second count of the petition was based on a transaction entirely separate from that sued on in the first count. It seems to be conceded by both sides that the plaintiff was entitled to recover on the second count, and in the amount represented by the verdict. The jury found for the plaintiff on the first count in the amount of the value of the 200 shares of stock at the time of its transfer on the defendant's books. The defendant excepted to the order overruling its motion for a new trial, and assigned error on the antecedent ruling of the court refusing to strike the first count on demurrer.

■ ■ "Except as against the claims of the corporation, a transfer of stock does not require a transfer on the books of the company." Civil Code (1910), § 2219. In the instant case it is not made to appear that the charter or by-laws of the corporation required that a transfer of its stock could be made only on its books. Even in a case "where the stock of a corporation is, by the terms of its charter or by-laws, transferable only on its books, the purchaser who receives the certificate, with power of attorney, gets the entire title, legal and equitable, as between himself and his seller, with all the rights the latter possessed; and as between himself and the corporation, he acquires only an equitable title, which they are bound to recognize and permit to be ripened into a legal title, when he presents himself, before any effective transfer on the books has been made, to do the acts required by the charter or by-laws, in order to make a transfer." *Witham* v. *Cohen*, 100 *Ga.* 670, 674 (28 S. E. 505). Thus it is the general rule that a transfer and assign-

ment of a certificate of stock in a corporation passes title to the vendee thereof, irrespective of whether or not the charter or by-laws of the corporation require a transfer on its own books, except in so far as the claims of the corporation arising from any lien held by it on the stock may be involved. After such an assignment the corporation may, in a proper equitable proceeding, be *required* to make a transfer of the stock on its books. *Scott* v. *Flint River Pecan Co.*, 159 *Ga.* 668 (126 S. E. 769); *Massengale* v. *Hodgson*, 148 *Ga.* 97 (95 S. E. 275); *Hardman* v. *Barrow*, 147 *Ga.* 617 (95 S. E. 209). While it has been held that a sale by a wife to her husband of her separate property, without an order of the superior court authorizing the same being first obtained, is void (*Hood* v. *Perry*, 75 *Ga.* 310; *Fulgham* v. *Pate*, 77 *Ga.* 454; *Stonecipher* v. *Kear*, 131 *Ga.* 688, 63 S. E. 215, 127 Am. St. R. 248; *Buchanan* v. *James*, 135 *Ga.* 392, 69 S. E. 543; *Echols* v. *Green*, 140 *Ga.* 678 (3), 79 S. E. 557), it has also been ruled by the Supreme Court in *Scaife* v. *Scaife*, 134 *Ga.* 1 (67 S. E. 408), that "the right to assail its validity on this ground is personal to the wife and her privies in blood or estate, and can not be asserted by a stranger to her title." This ruling in the *Scaife* case has been upheld and followed in *Munroe* v. *Baldwin*, 145 *Ga.* 215 (3) (88 S. E. 947); *Williams* v. *Rhodes*, 149 *Ga.* 170 (99 S. E. 531); *McArthur* v. *Ryals*, 162 *Ga.* 413 (5), 417 (134 S. E. 76); *Royster Guano Co.* v. *Odum*, 167 *Ga.* 655 (146 S. E. 475). In the instant case a sale of corporate stock to the husband was attempted by the wife, and, as it now appears, without an order authorizing the same having been first obtained. With respect to the wife and her privies in blood or estate, this omission rendered the sale subject to repudiation whenever they might see proper to exercise such right, unless and until the rights of third parties should prevent; but the impotent act of the corporation in making the entry on its books as directed by the wife neither weakened nor strengthened, added to, or took from the validity or invalidity of the purported sale as between the wife and the husband, and was wholly unnecessary to the completion of the transaction attempted by them. Not only is it the rule that the transaction is completed whenever the transfer of the stock certificate is made, but the transferee in this case himself could just as well have assigned the original certificate to an innocent third person so as to carry the full and complete title, both legal and equitable, as against the claims of all persons, including the wife.

■ ■ While it appears from the petition that the corporation knew that the relation of husband and wife existed between the nonresident parties to the sale, which might be taken to put it on notice, as a matter of law, that an order of court was necessary, this is not a fact or circumstance even tending to indicate that this nonresident plaintiff had failed to do that which the law required of her. In the first case decided by our Supreme Court, *Truluck* v. *Peeples,* 1 *Ga.* 3, 5, it was said that "it is presumed, until the contrary is proved, that every man obeys the mandates of the law, and performs all his official and social duties." If the wife, as in some jurisdictions, could not sell her property without her husband joining in the conveyance, or in the case of an infant, or lunatic, known to be such, who could not contract *at all,* the rule as to this particular phase of the case might be different. While there is authority (summarized in 14 C. J. 772, 773) to the effect that a corporation is in a sense a trustee for its stockholders for the purpose of protecting their shares against forged or unauthorized transfers, with the result that it may be held responsible to stockholders for loss or injury sustained by negligence or misconduct of its officers or agents in this regard, and while this rule has been applied to cases where a corporation negligently permits a transfer under a power of attorney executed by a person under legal disability, such as an infant, or a lunatic, or a married woman, it would not seem that this doctrine, which necessarily rests upon the *legal inability* of such a stockholder to contract, could be applied in a case where under our law no such absolute disability existed. In other words, if a stockholder is a lunatic or a minor, and therefore incapable of contracting, neither a written assignment of a certificate of stock nor a transfer upon the books of the company made in accordance with directions given by such a stockholder would operate to transfer title. It would not seem, therefore, that the doctrine enunciated in 14 C. J. 772, 773, could have application to a case where the stockholder was fully capable of selling her stock, as she is in this State. The only limitation imposed under our law is that in case she should sell to her husband it is incumbent upon her to first obtain an order of court so authorizing. This we think the corporation had a right to presume this nonresident plaintiff had done, in the absence of any fact or circumstance tending to show to the contrary. In our opinion, the court should have sustained the general de-

murrer to the first count of the petition. We do not think that the ruling by the Supreme Court in *Bigby* v. *Atlanta & West Point R. Co.,* 119 *Ga.* 685 (46 S. E. 827), is contrary to what we have here held, or requires a contrary ruling. In the first place, the *Bigby* case was not a suit in trover, but was a suit in equity; in the second place, all that was really held in that case is that the corporation was not liable. It is true that the language used might amount to an intimation, in the form of a negative pregnant, to the effect that if the bill in equity had "at least" shown that the corporation knew of the relationship of husband and wife, another and different case from the one before the court might have been presented. Exactly how far the intimation goes as to what must in fact be shown is not determined by the language of the opinion, which says that "it would seem to be incumbent on the plaintiff to show, at least, that the defendant, before the stock went into the hands of such innocent purchaser, had notice of the marital relation." The decision here is based upon our construction of the rulings by the Supreme Court, followed by this court, as set forth above.

■ A rehearing was granted in this case. Counsel for the plaintiff filed a supplemental brief in addition to their main brief on the rehearing, specially attacking the original opinion wherein the court assigned an additional reason, in the form of a "moreover," for its ruling as made, to the effect that under the facts of the case the remedy of trover was not available, for the reason that the plaintiff had parted with her title, and that this would be true even though it could be held that the defendant might be liable in damages for the alleged misconduct on its part. The plaintiff cites, as authority to sustain her position, *Thompson* v. *Carter,* 6 *Ga. App.* 604 (65 S. E. 599). We were not unmindful of the line of decisions holding in substance the same principle of law as that quoted from the *Thompson* case. The recent decision by this court in *Robinson* v. *Commercial Credit Co.,* 37 *Ga. App.* 291 (139 S. E. 915), and that of the Supreme Court in *Davison-Paxon Co.* v. *Walker,* 174 *Ga.* 532 (163 S. E. 212), s. c. 45 *Ga. App.* 395 (165 S. E. 160), clearly recognize the correctness of the principle dealt with in the *Thompson* case. We think, however, that the *Thompson* case, as well as the *Robinson* case, the *Walker* case, and the other cases along the same line, present a far different situation from the instant case. Where the vendee under a conditional sale wrongfully converts the

property before discharging the purchase-money note reserving title thereto, by selling it under circumstances such as would protect an innocent purchaser, the legal title does not really pass out of the vendor by reason of the vendee's wrongful act, although he can not assert it as against the equity of the innocent purchaser. There is abundant authority, both by the Supreme Court and by this court, for the principle held in *Hall* v. *Simmons*, 125 *Ga.* 801 (2) (54 S. E. 751), that "When in the trial of an action of trover it appears that prior to the institution of the suit the *plaintiff* had parted with the title to property involved, it is not erroneous to grant a nonsuit at the conclusion of the plaintiff's evidence." (Italics ours.) In *Prater* v. *Painter*, 6 *Ga. App.* 292, 293 (64 S. E. 1003), it was said: "Legal title in the plaintiff at the time of the institution of the suit is a sine qua non in an action of trover." See also, in this connection, *Hall* v. *Simmons*, supra; *Cox* v. *Fairbanks Co.*, 29 *Ga. App.* 538 (3) (116 S. E. 43); *Everroad* v. *Dickson Planing-Mill Co.*, 26 *Ga. App.* 329 (106 S. E. 193); *Monk* v. *Jackson*, 25 *Ga. App.* 25 (102 S. E. 382). There is a wide distinction in a case where the holder of property under a conditional sale wrongfully disposes of it, and where the title passes by virtue of the act and conduct of the plaintiff in trover. Of course it might be contended that in the instant case the unauthorized sale by the plaintiff of her property to her husband did not dispose of her title, for the reason that she had a perfect right to repudiate it as against her husband. Nevertheless the voluntary action on her part in so doing is what caused the innocent third party to acquire title, which the plaintiff concedes in her petition is good as against the plaintiff herself. Had the sale been effected by a forged transfer, an innocent purchaser would not be protected. It therefore follows that her title was lost by virtue of her own voluntary act and conduct, and not by the act and conduct of the defendant in carrying out her instructions. Such being the case, as was said in the original opinion, "The sole issue in the trial of an action in trover is that of title to the property in dispute, and in no event can the fact that the plaintiff may elect to take a money verdict in lieu of the specific property claimed alter that issue." Having committed voluntary acts of her own, such as enabled a third person to acquire title, she can not be permitted to assert title in herself in order to maintain an action in trover.

■ Counsel for the plaintiff, in their briefs on the rehearing, now raise for the first time the question as to whether this court had jurisdiction to pass upon the case, the contention being that the defendant sought to amend its answer in the superior court by setting up an equitable defense, which, it is contended, transformed the legal proceeding instituted by the plaintiff into a proceeding in equity, with the result that the Supreme Court alone has jurisdiction to consider the errors alleged to have been committed in the bill of exceptions. The record shows that the defendant sought to amend its answer by setting up that after the transfer mentioned in plaintiff's petition her husband had, while insolvent, and with intent to delay, hinder, and defraud his creditors, transferred large sums of money to his wife without consideration therefor; and that if plaintiff should be entitled to recover against the defendant on account of the things mentioned in her petition, the defendant was entitled to set off against any amount that it might be due the plaintiff a sufficient amount of such voluntary transfers by the husband to fully discharge its liability to the plaintiff. Plaintiff cites in support of this contention, *Dyson* v. *Washington Telephone Co.*, 157 *Ga.* 67 (121 S. E. 105) ; *Dunson* v. *Lewis*, 156 *Ga.* 692 (119 S. E. 846) ; *Oellrich* v. *Georgia Railroad*, 73 *Ga.* 389. The respondent calls attention to the fact that the proffered amendment was disallowed in the court below, and takes the position that the case was an action at law and continued to its finality as an action at law; that even if the amendment—had it been allowed—would have injected equitable features into the case, its disallowance effectively barred the injection of those features. Whether this contention stressed by counsel for defendant be sound or not, we think the other principle to which they refer, to wit, that the set-off was urged defensively, and solely to prevent a judgment against the defendant, and that no affirmative equitable relief was sought, governs the question now under consideration. In the *Dyson* case, on which the plaintiff appears to rely mainly, and from which her counsel liberally quote, it appears that the equitable defense was such as to put in issue all the rights of both parties touching the subject-matter of controversy, including a counter-claim by way of recoupment on the part of the defendant. The other two cases cited by the plaintiff are similar in import. As supporting the rule here announced, see *House* v. *Oliver*, 123 *Ga.* 784 (51 S. E. 722) ;

*Hanesley* v. *National Park Bank,* 147 *Ga.* 96, 99 (92 S. E. 879); *Edenfield* v. *Rountree,* 33 *Ga. App.* 444 (3) (126 S. E. 731); *Drake* v. *Lewis,* 13 *Ga. App.* 276 (4), 280 (79 S. E. 167); *McArthur* v. *Wilson,* 13 *Ga. App.* 502 (79 S. E. 374); *Janes* v. *Cedartown,* 14 *Ga. App.* 72 (80 S. E. 339); *Jones* v. *George S. Riley Co.,* 14 *Ga. App.* 84 (2) (80 S. E. 341); *Porter* v. *Davey Tree Expert Co.,* 34 *Ga. App.* 355, 357 (129 S. E. 557).

■ The second count of the petition was based on a transaction entirely separate from that sued on in the first count. It seems to be conceded by both sides that the plaintiff was entitled to recover on the second count, and in the amount represented by the verdict. The finding on this count will not be disturbed.

*Judgment affirmed in part, and reversed in part. Stephens and Sutton, JJ., concur.*