## Vann *v.* McGuffin, sheriff.

Atkinson, Justice. In 1923 R. S. Vann, being in actual possession of described land on which with his wife and family he resided, holding such land in virtue of an assignment to him of a promissory note and security deed conveying the land as security for the note and in virtue of a bond for title from the maker of the security deed purporting to convey the equity of redemption, for value received transferred and assigned to Cora Vann (his wife) all of his right and title to the property under the assignments above mentioned. Thenceforward Cora Vann with her husband and family continued in possession and occupancy of the land. In the years 1927 and 1928 executions were issued in personam for state and county taxes against R. S. Vann for the amounts of $28.99 and $23.96 for the respective years. These executions were transferred, on June 7, 1929 to the Interstate Bond Company. Thereafter the executions were levied by the sheriff as follows: "Georgia, Taylor County. I have this day levied the within fi. fa. on the following property to wit: 53 acres of land, more or less, off lot No. 9, and 50 acres of land, more or less, off lot No. 24, all being in the 14th dist., section 2, said county; levied on as the property of R. S. Vann in favor of the Interstate Bond Co., transferee, for his state and county tax years 1927 and 1928. This Dec. 7th, 1934." In pursuance of the levy a sale was made, the Interstate Bond Company becoming the purchaser and receiving a deed dated January 3, 1933. After the expiration of twelve months from the date of the sale the Interstate Bond Company executed a deed to Ed. Youngblood. After the conveyance to Youngblood the sheriff gave notice to R. S. Vann that unless "he with petitioner and her children are out of the house, and off of the premises, within a stated time, he will have to put them out and off of the premises owned by petitioner." After .

this notice Mrs. Cora Vann instituted a suit against the sheriff for injunction to prevent interference with her possession. The petition as amended alleged a case substantially as above stated, and attacked the tax sale as void on the ground that the levy was void, because the purported description of the property was insufficient to constitute a valid levy. A general and special demurrer to the petition was interposed by Ed. Youngblood. The grounds of general demurrer were (1) There is no equity in the petition. (2) There is no lawful reason given why a court of equity should interfere with the sheriff in the performance of his legal duty. (3) No cause of action at law or equity is set forth. The court sustained the demurrer and dismissed the petition. *Held:*

1. "Even if a deed from a husband to his wife, conveying land for a money consideration, falls within the provisions of the Civil Code, § 3009 [Code of 1933, § 53-504], which declares that 'no contract of sale of a wife as to her separate estate with her husband . . shall be valid, unless the same is allowed by order of the superior court of the county of her domicile,' so that such a deed without an order of court is invalid, the right to assail its validity on this ground is personal to her and her privies in blood or estate." *McArthur* v. *Ryals,* 162 *Ga.* 413 (5) (134 S. E. 76). See also *Anderson* v. *Higginbotham,* 174 *Ga.* 565 (2) (163 S. E. 477).

2. The plaintiff, in virtue of the assignment to her by her husband and her present possession in pursuance of such assignment, alleged sufficient facts to give her a standing in equity to make the question as to the validity of the tax deed and the right of the sheriff to dispossess her.

3. The description in the levy quoted above was insufficient to support a valid levy; and the levy being insufficient, the deed was void. *Burson* v. *Shields,* 160 *Ga.* 723 (129 S. E. 22), and cit.

4. The judge erred in sustaining the demurrer and in dismissing the action.

*Judgment reversed. All the Justices concur.*

No. 10465. APRIL 10, 1935.

*C. W. Foy,* for plaintiff.  *T. B. Rainey,* for defendant.