29541. DEPARTMENT OF REVENUE *v.* WARDLAW.

Decided December 1, 1942. Rehearing denied December 19, 1942.

*Ellis G. Arnall, attorney-general, A. J. Tuten, assistant attorney-general, Claude Shaw,* for plaintiff.  *Wright, Willingham & Fullbright, Reid F. Moore,* for defendant.

BROYLES, C. J.  (After stating the foregoing facts.)  The question for determination is whether the dividends on the fifteen shares of stock received by Wardlaw during the taxable year 1936, were taxable to him as a part of his income.  In the brief of his counsel the following statement is made:  "The lower court held that they were not taxable to R. A. Wardlaw, in whose name the stock did not stand, and that as between Mrs. R. A. Wardlaw and R. A. Wardlaw the same amounted to a gift by her to R. A. Wardlaw.  We submit that, under the decisions of the courts, this judgment is correct."  We can not agree with this contention.  The agreed statement of facts, including the settlement contract between Wardlaw and his wife, shows conclusively that a valuable consideration was given by both parties thereto.  Wardlaw agreed to pay his wife $275 every month, in lieu of any alimony payments, in consideration of her giving him the right to receive all dividends on the stock, and to vote and control the stock, except on certain minor contingent matters.  It clearly appears from the settlement agreement that Wardlaw realized that he would probably, or possibly, be liable for alimony payments to his wife, and

that, in order to escape making such payments, he bargained with her to obtain the dividends on the stock which he had given her a short time before, and to regain substantial control, but not physical possession, of the stock itself. He not only agreed to pay her $275 a month in lieu of alimony, but he also agreed to pay the bottling company $2000 which his wife owed it. In Douglas v. Willcuts, 296 U. S. 1 (56 Sup. Ct. 59, 80 L. ed. 3, 101 A. L. R. 391), the court held: "1. The annual sums to which a divorced wife is entitled out of the income of a trust created by her husband in contemplation of the divorce and ordered by the divorce decree to be set up in lieu of other alimony or other interest in the husband's property or estate are taxable income of the husband. 2. Amounts paid to a divorced wife under a decree for alimony are not regarded as income of the wife for tax purposes, but as paid in discharge of the husband's general obligation to support, which is made specific by the decree."

In the instant case the $275 monthly payment to his wife was made in lieu of alimony payments to her and therefore was not deductible by him, and the fact that he made an agreement with her whereby he indirectly offset his liability for alimony payments by receiving income out of another transaction will not relieve him from paying the income tax due on the $7500 dividends received by him on the stock in question. To allow him such relief would be permitting him indirectly to receive a deduction from his income tax of the alimony payment to his wife, which he could not do directly. In Wollman v. Commissioner, 31 U. S. B. T. A. 37, a husband executed an instrument wherein he declared himself a trustee of certain property for one year, to receive the income therefrom and to pay it to his wife. The Board of Tax Appeals pointed out that he was attempting to do indirectly what he could not do directly—to obtain a deduction from his income for the expenses of supporting his wife, and held that he was liable for the tax on the income of the property. In Shellabarger v. Commissioner, 38 Fed. 2d, 566 (4), the court held: "Where beneficiary of a trust assigned interest in the income therefrom, the grantee who received income pursuant to agreement, and not the grantor, was liable for federal income tax thereon." In Van Meter v. Commissioner, 61 Fed. 2d, 817 (4-6), the court held: "Where different persons earn, receive, and enjoy income, in determining person

taxable therefor, vital matter is relation of earner to income. Intent of taxing statutes is that earner of income which he normally would receive and enjoy is not relieved because he chooses not to receive or enjoy it. Where income earner merely transfers income to another, or where he retains any control over income-earning property or income therefrom, such income is taxable to him."

In the instant case it conclusively appears that Wardlaw, and not his wife, was the income earner of the family and that he retained a material measure of control over the income-earning property. In Commissioner v. Waterbury, 97 Fed. 2d, 383 (2), the court said: "Where trust instruments contained no express reservation of discretionary power to grantors to divert income from their designated beneficiaries, provided for current distribution of entire income to beneficiaries, and conferred authority on trustee to accumulate income, trust income realized from the sale of stock was not taxable to grantors but to beneficiaries." In the instant case the wife had practically divested herself of all right to receive the income from the property in question. In Little War Creek Coal Co. v. United States, 25 Fed. Supp. 764 (8), it was said: "Where a taxpayer receives or retains money under a claim of right and without restriction concerning its disposition, he has received 'income' which he is required to return." It is true that in Helvering v. Gordon, 87 Fed. 2d, 663 (3), the court held: "Under income-tax law, taxpayer need not actually receive money to which he is entitled before he is required to include it in his income-tax returns, but whenever it is available to him, and he is authorized to receive it, or to direct its payment to another, it must be accounted for by him for income-tax purposes." This decision is not contrary to our present ruling, for, under the settlement agreement, Mrs. Wardlaw was not entitled to receive the dividends from the stock in question, and her husband was the only person authorized to receive them, and they were available to him alone, and he must account for them in his income-tax returns. The many "gift" cases cited in behalf of the defendant are not here applicable.

In our opinion the evidence conclusively shows that the transfer to Wardlaw of the right to receive and to keep for himself the dividends in question was not a gift from his wife, but was a matter of bargain and sale for valuable considerations. It follows that

.a judgment in favor of the plaintiff was demanded by the law and the evidence, and the court erred in sustaining the affidavit of illegality and dismissing the execution.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*

ON MOTION FOR REHEARING.

BROYLES, C. J. In the motion for a rehearing it is contended that this court, in deciding that the transfer by Mrs. Wardlaw to her husband of the right to receive and keep for himself the dividends in question was not a gift from his wife, but was a matter of bargain and sale, overlooked the Code, § 53-504, which provides that "no contract of sale by a wife of her separate estate to her husband or her trustee shall be valid, unless the same shall be allowed by order of the superior court of the county of her domicile." That Code section was not overlooked but was considered as inapplicable to the facts of this case, since, even if the contract of sale here was invalid for the reason alleged, "the right to assail its validity on this ground is personal to her [the wife] and her privies in blood or estate." *McArthur* v. *Ryals,* 162 *Ga.* 413 (5) (134 S. E. 76) ; *Munroe* v. *Baldwin,* 145 *Ga.* 215 (3) (88 S. E. 947) ; *Williams* v. *Rhodes,* 149 *Ga.* 170 (99 S. E. 531) ; *Royster Guano Co.* v. *Odum,* 167 *Ga.* 655 (146 S. E. 475). Here the validity of the sale, if assailed by anyone, is assailed only by the husband. The cases cited in behalf of movant are differentiated by their particular facts from the instant case. The other grounds of the motion show no cause for a rehearing of the case.

*Rehearing denied. MacIntyre and Gardner, JJ., concur.*