PALMER, STUART & COMPANY v. SMITH.

1. A conveyance of land executed by a married woman in payment of her husband's debt, though declared by the statute absolutely void, is only so as against her and upon her election to treat it as void, coverture being a personal privilege which is not available in behalf of a stranger to her title.

2. That a deed by a husband and wife made in 1869 recites on its face that the property had been set apart as a homestead, without specifying to whom or as whose property it had been so set apart, will not defeat the deed as a conveyance of the wife's prior title to the premises, the deed being executed in the State of Alabama, and no actual occupation of the property as a homestead then or previously being shown, and it not appearing that the makers of the deed then or afterwards resided in Georgia.

November 23, 1891.

Husband and wife. Title. Homestead. Before Judge MARSHALL J. CLARKE. Fulton superior court. March term, 1891.

Palmer, Stuart & Company brought complaint against Smith for a certain tract of land in Fulton county. The evidence showed that in 1860, James Jett was in possession of the land and had been for several years previously. He conveyed it to Thrasher, who conveyed it to Sells in 1865 or 1866, and Sells went into possession and conveyed to Boyd in 1868. Boyd in March, 1869, conveyed to Mrs. Walls, the wife of W. W. Walls. Walls was indebted to the plaintiffs on three notes, and plaintiffs took a deed to the property from Mrs. Walls and W. W. Walls in October, 1869, in settlement of the notes. This last deed contained the clause quoted in the second part of the opinion. Walls testified that he bought the land from Boyd and the deed was made to his (Walls') wife, and he and his wife afterwards sold to plaintiffs. Defendant is now in possession of the premises, but the nature of his possession or of his claim to the property does not appear. Plaintiffs have, through their agent, been paying taxes on the property since

the deed was made them, but have not been in posses-
sion of the lot.

After verdict for the defendant, the plaintiffs moved
for a new trial on the grounds that the verdict was con-
trary to law and evidence, that the court erred in
charging the jury to find for the defendant, and for
newly discovered evidence.    In support of the last
ground the plaintiffs produced the affidavit of their at-
torney to the following effect :  He received letters from
W. W. Walls attached as exhibits to his affidavit, since
the verdict was rendered, in which Walls states that
his wife is dead, leaving only one child ; that this knowl-
edge has come to deponent since the verdict and he did
not know of it until he received the letter ; that the evi-
dence is material under the ruling of the court that the
deed from Mrs. Walls to plaintiffs was void ; that
deponent, as attorney for plaintiffs who reside in Vir-
ginia, has had the sole management and care of the case
in its preparation and trial, and the facts thereof con-
nected with this motion are only known to him ; that he
he has not obtained the affidavit of Walls to the facts,
because Walls is inimical to the interest and recovery of
plaintiffs, and from other letters received from Walls,
who lives in Alabama, he knew it was useless to ask
him to give his affidavit to the truth of the facts ; and
that deponent had used due diligence in discovering and
preparing the evidence in the case.    The first of the two
letters attached as exhibits stated that the writer had
noticed in a paper the decision in this case ; that his son,
who was just of age, was going to commence suit for the
property, and the writer saw nothing to keep this son,
the only child of Mrs. Walls, from recovering the prop-
erty.    The other letter stated that the writer did not
know that he could claim any of his deceased wife's
estate, as the money that paid for the land belonged to
her and not him, and as he deeded his rights away, if he

ever had any, though that did not affect the claim of his son who could recover, etc.   New trial was denied.

FULTON COLVILLE, for plaintiffs.

JOHN L. HOPKINS & SON, for defendant.

SIMMONS, Justice.

1. Under the facts reported, the judge directed the jury to return a verdict in favor of Smith, the defendant, on the ground that the deed put in evidence from Walls and his wife to Palmer, Stuart & Co. was made by Mrs. Walls in payment of her husband's debts, and was therefore void under our code, and that Smith, the defendant, could plead this fact.   The record does not show that Smith was privy in blood or estate to Mrs. Walls.   Where a married woman having a separate estate conveys her property to a third person in payment of her husband's debts, and afterwards seeks to recover the property or to cancel the deed, the deed will be declared void, on her motion, as against all persons who had notice that it was made for such purpose. But where she has conveyed her separate estate in payment of her husband's debts, to one party, and another party is in possession of the property who is not in privity with her in blood or estate, and is sued therefor by the vendee of the wife, the defendant cannot set up in his defence that the deed is void because made in payment of the husband's debts.   This plea of the wife is a personal privilege, confined to her or her privies, and if she or they do not set it up, no stranger has the right to do so.   The property conveyed by her under such circumstances belongs to her, and if she honestly wishes it to remain in the hands of her vendee in payment of her husband's just debts, and does not choose to claim it for herself, what right has a stranger who does not hold under her to set up this defence and put her money into his pocket?   The plea of infancy is a

personal privilege, and no one but the infant can avail himself of it. The plea of usury is also a personal privilege, and no one but the party promising usury, or his privies, can take advantage of it, except in cases of insolvency. We think the plea of coverture is also a personal privilege to the wife, and can avail no one except herself and her privies. We therefore hold that under the facts as disclosed by the record, the deed from Walls and wife to Palmer, Stuart & Co. was not void as between these parties. *Zellner* v. *Mobley*, 84 *Ga.* 746; *Sutton* v. *Aiken*, 62 *Ga.* 741; 1 Wait's Actions and Defences, 157; Johnson *v.* Jouchert, 8 Lawy. Rep. Annot. (Ind.) 797–8; Bennett *v.* Mattingly, 110 Ind. 197; Ætna Ins. Co. *v.* Baker, 71 Ind. 103.

2. The deed above referred to contained the following clause : " The said premises described having been recently set apart as a homestead by the ordinary of Fulton county, Georgia, to wit, in the month of April, 1869." Counsel for the defendant in error contended that " this was homestead property, and ejectment could not be maintained upon that deed. Plaintiffs are seeking to recover homestead property on that deed, and the constitution of 1868 denied to the court the power of rendering or enforcing such a judgment." Under the facts reported, the principle contended for does not apply. The evidence does not show to whom or out of whose property the homestead was set apart. It does not show that Walls and his wife ever occupied the land as a homestead, nor does it show that they ever resided in the State of Georgia, but we can infer that if they ever did reside in Georgia, they had removed to the State of Alabama, because the deed in controversy was executed in that State, and the two letters from Walls, the husband, attached to the motion for a new trial, show that he is still in Alabama. If they had never resided in this State, no homestead could have

been set apart to them under its laws. If they had had a homestead set apart to them and removed from this State to another, under the reasoning of the decision in the case of *City Bank* v. *Smisson*, 73 *Ga.* 422, they lost their homestead rights in the property. If the property was the wife's, the homestead could not have been set apart to her out of it. We think, therefore, that the facts as disclosed by the record could not defeat the deed as a conveyance of the wife's prior title to the premises.                    *Judgment reversed.*