## HENRY *et al. v.* AYER.

Whether or not, in a given instance, inducing a married woman to convey her property for the payment of a debt due by her husband is a matter as to which she is, either at law or in equity, entitled to relief, the question of her right to have the transaction annulled can not be raised by another person in litigation to which she is not a party and by the result of which she will in nowise be affected.

Argued June 18, — Decided July 28, 1897.

Injunction.     Before Judge Felton.     Bibb county.     February 17, 1897.

Ayer brought his petition against Henry, Mrs. Henry, Gerdine, and Waterman & Co., praying for injunction and receiver.     Upon hearing the pleadings and evidence submitted, the court ordered that Mrs. Henry be restrained from collecting, and Waterman & Co. be restrained from paying to her, a note for the purchase-price of land the title to which had been conveyed by Mrs. Gerdine to Mrs. Henry and by Mrs. Henry sold to Waterman & Co.     In the bill of exceptions it is admitted that Ayer's proof was sufficient to authorize the grant of the injunction, and that there was no abuse of discretion, provided Ayer could enforce an agreement which he set up against Henry and wife; but it is contended by the Henrys that a court of equity would not grant Ayer the relief prayed for, because on his own showing, according to the evidence, he brought about an illegal scheme as the result of which the con-

veyance by Mrs. Gerdine of her property was made to settle a debt of her husband.

*Hardeman, Davis & Turner,* for plaintiffs in érror.
*Hardeman & Moore,* contra.

LUMPKIN, P. J.    The bill of exceptions in the present case complains of the granting of an injunction by the trial judge. Under the evidence submitted at the hearing, the case turned absolutely upon the question ruled-upon in the headnote.   The correctness of the proposition there laid down is so obvious we do not care to discuss it.

*Judgment affirmed.    All the Justices concurring.*