# CASES

DECIDED IN THE

# SUPREME COURT OF GEORGIA

AT THE

## OCTOBER TERM, 1909.

### SCAIFE v. SCAIFE.

1. Even if a deed from a husband to a wife, conveying land for a money consideration, is invalid because evidencing a sale of the separate estate of the wife, for which no order of court has been obtained in accordance with the provisions of the Civil Code, § 2490, the right to assail its validity on this ground is personal to the wife and her privies in blood or estate, and can not be asserted by a stranger to her title.
2. Where a wife is the plaintiff in a statutory complaint for land, and claims under a deed from her husband of the character referred to in the preceding note, and the defendant claims under the same grantor from whom the plaintiff alleges her husband acquired title, it is error to exclude such deed from evidence as a muniment of title, upon the objection of the defendant that it is void because it evidences a sale of the separate estate of the wife to the husband, not authorized by an order of court.

FEBRUARY 17, 1910.

Equitable petition. Before Judge Spence. Mitchell superior court. November 25, 1908.

*R. J. Bacon* and *E. E. Cox,* for plaintiff.

*John D. Pope* and *Davis & Merry,* for defendant.

HOLDEN, J. Hopie Scaife brought suit against M. J. Scaife, making substantially the following allegations: The defendant is in possession of the tract of land described in the petition, title to which is in the plaintiff, who holds under a deed from J. F. Scaife. The defendant claims under a deed from the heirs of J. F. Bost-wick, who claimed under deed from J. H. Scaife, trustee for Paul B. Scaife, both of which deeds "are rank frauds and are wholly null and void for total failure of consideration, and was made for the

purpose of defrauding your petitioner." Neither J. F. Bostwick nor his heirs ever owned or claimed the land, and he was a minor at the time the deed is alleged to have been made. The deed from J. H. Scaife to Bostwick was not in fact made until Paul Scaife had arrived at majority, and the trustee therefore had no right to make the deed. The plaintiff prayed, that the deed under which the defendant claimed title be canceled as a cloud upon the title of the plaintiff; that the defendant be restrained from undertaking to convey the land or any interest therein; and that the plaintiff have judgment for the land, with mesne profits. The defendant answered, that she bought the land from W. H. Spence, and it was paid for with her money; that her husband, J. H. Scaife, who was also trustee for Paul Scaife, acted for her in the purchase of the land, and he by inadvertence and mistake wrote the deed so that it purported to convey the land to him as trustee instead of to the defendant. It was intended by the parties interested that the mistake should be corrected by suit in the court, but J. F. Scaife, the father of Paul Scaife, to whom the matter was mentioned, said that would be unnecessary, as Paul Scaife would correct the matter by making the defendant a deed as soon as he became of age, and if the defendant desired to sell the land before Paul Scaife became of age, it could be done by having the trustee to make a deed, as power of sale was given to the trustee in the deed made to him. The defendant in 1894 sold the land to J. F. Bostwick, and on account of his being a minor it was agreed that the deed be not made to him, but that if he at any time wanted to make a sale of the land the trustee could make a deed to the person to whom he sold it. In 1896 Bostwick became of age, and the trustee made him a deed, though Bostwick never paid the purchase-money. Bostwick died in 1899, having paid practically nothing on the principal, and his heirs at law, not desiring to pay the balance of the purchase-money, made the defendant a deed to the land.

Upon the trial it was admitted that the plaintiff and the defendant claimed under a common grantor, W. H. Spence. The plaintiff introduced a deed from Spence to J. H. Scaife, trustee for Paul Scaife, to the property in dispute, which authorized the trustee to sell the property without an order of court; and a certified copy of the will of Paul Scaife, bequeathing the property to J. F. Scaife. It was admitted that J. F. Scaife was the husband of the plaintiff,

and occupied this relation to her on March 24, 1900.    Other testi-
mony was introduced, and upon the conclusion thereof the court
directed a verdict in favor of the defendant.    To the order of the
court overruling the motion of the plaintiff for a new trial excep-
tions were filed.    The plaintiff assigned error also on the refusal of
the court to allow an amendment offered by her, to the refusal of
which exceptions pendente lite were duly made.

1.    One of the grounds of the motion for a new trial is that the
court committed error in refusing to allow the plaintiff to intro-
duce in evidence a deed to her from her husband, J. F. Scaife,
wherein a money consideration was recited.    It appears that the
ground on which the court refused to allow this deed in evidence
was, "that the said deed was one from husband to wife, and, as de-
fendant contended, was void, because a sale by the husband to the
wife without an order from the judge of the superior court author-
izing such sale."    Civil Code, § 2490, is as follows: "No contract
of sale of a wife as to her separate estate with her husband shall be
valid, unless the same is allowed by order of the superior court of
her domicile."    The court excluded the deed on the ground that it
evidenced a sale of the separate estate of the wife, within the mean-
ing of the above-quoted section, and conveyed no title from the
husband to the wife.    The view we take of the case makes it unnec-
essary to decide the question as to whether or not a transaction
whereby the wife buys property from the husband and pays the pur-
chase-money to the husband, who conveys the property to her by
his deed, is within the meaning of the code section above quoted.
Even if such a transaction is within the meaning of this section,
the deed would be void only at the election of the wife.    The right
to have it declared void is a personal privilege which could only be
exercised by her or her privies in estate or blood.    In the case of
*Hawes* v. *Glover,* 126 *Ga.* 305 (5), (55 S. E. 62), it was ruled: "As
the plea of coverture is a personal privilege, available only to the
feme covert or her privies in blood or estate, a mere creditor of a
married woman, even in case of her insolvency, can not attack a
mortgage executed by her, upon the ground that it was given to se-
cure the debt of her husband and son."    In the case of *Palmer* v.
*Smith,* 88 *Ga.* 84 (13 S. E. 956), the following ruling was made:
"A conveyance of land executed by a married woman in payment of
her husband's debt, though declared by the statute absolutely void,

is only so against her and upon her election to treat it as void, coverture being a personal privilege which is not available in behalf of a stranger to her title." In *Jones* v. *Harrell,* 110 *Ga.* 373 (35 S. E. 690), the first headnote is as follows: "A promissory note given by a married woman for the purpose of paying her husband's debt is not illegal, but merely void or voidable at her election as against the original payee." In Joyce on Defenses to Com. Paper, § 61, it is said: "The defense of coverture is a personal one, and can only be availed of by a married woman and her privies in blood or representation." In this connection, also see, 10 Am. & Eng. Enc. Law, 270; *Farmers & Traders Bank* v. *Eubanks,* 2 *Ga. App.* 839, 841 (59 S. E. 193); *Chappell* v. *Boyd,* 61 *Ga.* 62 (6); *Henry* v. *Ayer,* 102 *Ga.* 140 (29 S. E. 144); *Webb* v. *Harris,* 124 *Ga.* 733 (53 S. E. 247), and what is said by Justice Cobb in the opinion written by him in that case, and authorities therein cited. There are several decisions of this court wherein, in passing on questions relating to sales of the wife's separate estate to the husband, such expressions were used as that the sale was "invalid," or "void," or "absolutely void." We know of no decision of this court, however, holding that such a sale could be treated as void over the protest of the wife. As long as the wife is willing for the transaction to stand, we do not see why any one who is not her privy in blood or estate, but is a stranger to her title, should be permitted to attack the validity of the transaction. We think a transaction of this nature is one that should be permitted to stand as against a stranger, since the object of the statute was to protect the wife from loss or injury to her private estate by reason of wrongful influence which the husband by virtue of the marital relation might be able to exert over her; and as long as she remains satisfied, we see no reason why outsiders, not acting in her behalf, should be permitted to assail its validity on account of the prohibition which the statute creates for her benefit. We think the court committed error in excluding the deed; and as the admission of this deed in evidence was necessary in order for the plaintiff to make out a prima facie case, the exclusion of it by the court requires the grant of a new trial. *Vaughn* v. *Burton,* 113 *Ga.* 103 (38 S. E. 310); *Proctor* v. *Blakely Co.,* 128 *Ga.* 606 (57 S. E. 879).

The plaintiff excepted to the refusal of the court to allow an amendment. The amendment offered denied the statement in the

answer that the defendant had paid the purchase-money which was the consideration of the deed from Spence to J. H. Scaife as trustee; and averred that the deed to such trustee was a "good and valid deed in law and equity," and that the statement of the defendant in her answer to the contrary was a fraudulent attempt to secure the land in controversy from the plaintiff. The amendment denied that the trustee, as asserted in the answer, returned the land for taxation as the property of Paul Scaife, and made allegations indicating that the property was never returned for taxation by the defendant. The amendment further alleged that J. F. Bostwick never owned the land and made no returns of the same for taxation. While we think, in reply to the defense filed, that the plaintiff, without such amendment, could have introduced proof of the matters set up therein, if it became necessary upon the trial to do so, yet the allegations of the amendment were germane, and we think the court should have allowed it. In view of the rulings made, it is unnecessary to deal with the other assignments of error.

*Judgment reversed. All the Justices concur.*