AVERETT <em>et al. v.</em> BOUTWELL.

GILBERT, J. 1. The motion to dismiss the writ of error, because one of the persons named as a defendant in the petition was not made a party plaintiff in error, is without merit. *Jones v. Laramore,* 149 *Ga.* 825 (102 S. E. 526).

2. The petitioner having an adequate remedy at law available, the grant of an interlocutory injunction against selling or interfering with the possession of the property was error.

*Judgment reversed. All the Justices concur, except Atkinson, J., who dissents from the ruling in the second headnote.*

            No. 2022.    FEBRUARY 16, 1921.

Injunction. Before Judge Mathews. Crawford superior court. March 27, 1920.

J. J. Boutwell, by next friend, brought an equitable petition against Ed. Averett, Mrs. Georgia Hamlin, Mrs. Lula Johnson, and Mrs. Leila Averett, alleging: that A. V. Averett, deceased,

had given to petitioner a certain mule; that the defendants as heirs at law of A. V. Averett were threatening to take possession of the mule, and had advertised the same for sale as a part of the estate of A. V. Averett; that petitioner was just getting ready to commence his crop, and if the mule should be taken away from him he would be unable to proceed, and his damages would be irreparable; that the defendants are insolvent; and that he has no remedy at law. He prayed that the defendants be restrained by injunction from interfering with his ownership and possession of the mule. The answer filed by Mrs. A. V. Averett, who was the mother of the plaintiff and the widow of A. V. Averett, admitted all the allegations of the petition. The answer of the other defendants denied all material allegations of the petition. The evidence introduced by plaintiff tended to support the allegations of the petition (except that the only evidence on the question of insolvency related to Ed. Averett). The evidence offered by the defendants was in contradiction of the allegations of the petition, but they did not offer any evidence on the question of their solvency. Upon the hearing the court granted an interlocutory injunction, and included in his order a requirement that "the defendant Bus Hamlin" (in whose possession the mule then was) deliver the same to Boutwell upon his making bond for the forthcoming of the mule and to answer any judgment which might be rendered for hire of the same upon final trial. Ed. Averett, Mrs. Hamlin, and Mrs. Johnson excepted, assigning error upon the judgment on the grounds that it is contrary to law and the evidence and the principles of equity, because the plaintiff has an adequate remedy at law; because the facts alleged in the petition do not entitle the plaintiff to the relief sought; because the evidence does not authorize injunction; and because the requirement as to delivery of the mule was directed to one not a party to the petition for injunction.

The defendant in error moved to dismiss the writ of error, because Mrs. Leila Averett, a party to the petition for injunction and substantially interested in the outcome of the case, had not been served with the bill of exceptions, and had not acknowledged or waived service.

*Ross & Ross,* for plaintiffs in error.

*Martin & Martin,* contra.