BALL *v.* MOORE *et al.*

No. 10482.   SEPTEMBER 11, 1935.
ADHERED TO ON REHEARING, SEPTEMBER 28, 1935.

*Titus & Dekle,* for plaintiff in error.   *Hay & Gainey,* contra.

ATKINSON, Justice. On May 19, 1925, Madie T. Moore executed a voluntary deed to her husband, H. J. Moore. Subsequently the grantee conveyed the land, by deed containing a power of sale, to W. L. Ball, to secure a debt. On May 11, 1933, Madie T. Moore executed a second voluntary deed to her husband for a part of the land mentioned in the first deed to him, and in turn the grantee executed another security deed conveying that land to W. L. Ball. On July 3, 1933, Madie T. Moore instituted an action against her husband and Ball, seeking to cancel all the deeds, and to enjoin Ball from exercising the power of sale contained in the security deeds. As grounds of relief it was alleged that the execution of the deeds was the result of a scheme consummated by Ball and his attorney for the purpose of inducing the plaintiff to pledge her separate estate for her husband's pre-existing debt. The petition was so amended as to seek recovery of certain amounts paid by the petitioner to Ball on the debt of her husband. H. J. Moore did not demur, but filed an answer which admitted all the paragraphs of the petition, and merely prayed "the judgment of the court." Ball alone interposed a demurrer to the original petition before amendment, on general and special grounds, and an individual answer. The demurrer was overruled, and the demurrant excepted pendente lite. A verdict was returned as follows: "We, the jury, find the verdict in favor of plaintiff to cancel all deeds in controversy as prayed, and judgment against W. L. Ball for the sum of $1555.64 principal and $392.64 interest." A decree was duly entered. Ball filed a motion for new trial on general and special grounds, which was overruled, and he excepted. In the bill of exceptions error was assigned on the judgment overruling the motion for new trial, and on the exceptions pendente lite. Madie T. Moore and H. J. Moore were named as defendants in error. The only entry on the bill of exceptions relating to service is as follows: "Due and legal service of the within bill of exceptions acknowledged. Copy and all other and further notice and service waived. This 6th day of August, 1934. Hay & Gainey." Madie T. Moore and H. J. Moore as defendants in error made separate motions to dismiss the writ of error, on the ground that H. J. Moore, defendant in error, was not served with the bill of exceptions and did not waive service.

■ Should the motions to dismiss the writ of error, in view of

the nature of the case as sufficiently indicated in the first headnote, be sustained? It is declared by statute: "When the record shows clearly who were the parties to the litigation in the court below, and the bill of exceptions shows that all who were interested in sustaining the judgment of the court below have been served, the writ of error shall not be dismissed because the bill of exceptions sets forth the parties differently from the record, or discloses that some party not interested in sustaining the judgment of the court below has not been served." Code of 1910, § 6176; Code of 1933, § 6-1202. The interest mentioned in the statute has reference to a substantial interest as distinguished from favor, or mere emotion, or desire that another party shall prevail. In accordance with this statute it has been held: "Where in a suit against two or more persons the verdict and judgment are adverse to the defendants, and only one of them makes a motion for a new trial, the movant can except to the judgment overruling the motion and bring the case to the Supreme Court without making the other defendants parties to the bill of exceptions." *Durrence* v. *Cowart,* 160 *Ga.* 671 (2) (129 S. E. 26). See also *Averett* v. *Boutwell,* 151 *Ga.* 90 (106 S. E. 3) ; *Whitehurst* v. *Holly,* 162 *Ga.* 323 (133 S. E. 861) ; *Western Union Telegraph Co.* v. *Griffith,* 111 *Ga.* 551, 556, 558 (36 S. E. 859) ; *Mechanics & Traders Bank of Rome* v. *Harrison,* 68 *Ga.* 463; *Jones* v. *Hurst,* 91 *Ga.* 338 (17 S. E. 635). By the language used in *Edwards* v. *Wall,* 153 *Ga.* 776, 780 (113 S. E. 190), "or reversing the judgment of the court below," it was not held or intended to hold that a party not interested in reversing the judgment was a necessary party defendant in error. Any such ruling would have been broader than the facts involved, the case being one in which the party in question was interested in sustaining the judgment, as brought out in the opinion, where it was said: "This member [of the firm] was vitally interested in sustaining the grant of the nonsuit in the court below, and was a necessary and indispensable party as a defendant in error in the bill of exceptions brought to the Court of Appeals." Similar language was used in *Greeson* v. *Taylor,* 160 *Ga.* 392 (128 S. E. 177), decided by five Justices; but that is not binding as a precedent, and will not be followed if it states or implies that a party interested only in reversing the judgment is a necessary party defendant in error. From the substance of his answer admitting all the allegations of the

petition in the instant case, the defendant H. J. Moore no doubt desired that his wife should prevail as plaintiff in her suit to cancel the deeds and for further relief, but did not show that such result would be to his substantial or pecuniary interest. On the contrary it appears that, the judgment being against him, he is not, within the meaning of the statute, interested in sustaining it. His legal interest is with his codefendant Ball in reversing the judgment. The motions to dismiss the writ of error are denied.

The rulings announced in headnotes 2 to 6, inclusive, do not require elaboration.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Bell, J., who dissents.*

ON REHEARING.

Upon the question dealt with in headnotes 3 and 3(a), supra:

1. The circumstance that the deed from the wife to the husband was apparently voluntary, whereas a gift was not in fact contemplated by the parties, but the instrument was only a part of a colorable scheme inaugurated by the creditor to obtain the property of the wife for payment of her husband's debt, would not as against the wife, on account of the provisions of the Civil Code of 1910, § 3007 (Code of 1933, § 53-503), and the decisions of this court cited in headnote 2, prevent application of the five-year period of limitation contained in the Code of 1910, § 4152 (Code of 1933, § 48-107). The two sections are to be considered together, as was done in *Cain* v. *Ligon,* 71 *Ga.* 692 (supra), and the five-year limitation should be applied as against the wife. A different ruling would run counter to the line of decisions holding that coverture is privilege personal to the wife; as in *Palmer* v. *Smith,* 88 *Ga.* 84 (13 S. E. 956), where it was held: "A conveyance of land executed by a married woman in payment of her husband's debt, though declared by the statute absolutely void, is only so as against her and upon her election to treat it as void, coverture being a personal privilege which is not available in behalf of a stranger to her title." See also *Hawes* v. *Glover,* 126 *Ga.* 305 (5) (55 S. E. 62); *Scaife* v. *Scaife,* 134 *Ga.* 1 (67 S. E. 408); *Roysler Guano Co.* v. *Odum,* 167 *Ga.* 655 (146 S. E. 475), and other similar cases.

(a) The cases cited in headnote 3(b) did not involve the question of applicability of the statute of limitations.

(b) Neither did the fact that the wife remained in possession

of the land after execution of the deed affect the question. She executed the deed, and it was incumbent on her to move to set it aside within the statutory period.

2. In reply to a suggestion in the brief of the opposing attorneys, in relation to the ruling announced in headnote 3(b), a ruling different from that expressed in that note is not required because the second deed mentioned purported to convey only a part of the land described in the first deed, and expressly stated that the paper was executed "to correct the scrivener's error and omission [in the first deed], . . and this deed is made to amplify and correct the description in said deed." The deed after all purported to convey the property therein described, and the period of limitation would commence to run as to such deed from its date.

The court adheres to the former decision. *All the Justices concur, except Bell, J., who dissents, and Russell, C. J., absent.*

BELL, Justice, dissenting. I can not concur in that part of the decision relating to the statute of limitations. If the deed by the wife to her husband was really intended as a gift, the statute would apply, however such intention may have been induced. But if the deed was executed merely as part of a general scheme and device to pledge the property to the creditor for the husband's debt, the deed to the husband would be a mere form, and not a gift within the meaning of the statute. If the wife had made a deed directly to the creditor, clearly the limitation invoked would have no sort of relevancy; and the case is not different where the same result was accomplished by indirection, as by a pretended gift to the husband, followed by a deed from him to the creditor, all for the actual purpose of pledging the property as security for the husband's debt. In determining the bar, the law will look to substance and not to form; and under the allegations as made, the deed to the husband was a mere colorable transaction, not falling within the statute in reference to the time within which a *gift* improperly induced may be set aside at the instance of the donor.