NORTHWEST ATLANTA BANK *v.* MANNING.

No. 13923. NOVEMBER 13, 1941.

190

*C. N. Davie* and *Alex McLennan,* for plaintiff in error.

*Roy S. Drennan,* contra.

REID, Chief Justice. ■ In so far as the motion to dismiss the writ of error is concerned, we are content to let our decision rest upon the case of *Huey* v. *National Bank of Fitzgerald,* 177 *Ga.* 64

(169 S. E. 491), and cit., where this matter is definitely ruled, without a discussion of the line of cases preceding it.

■ The petition admits that the complainant received from the bank the sum of $2185 at the time he gave it the security deed which contains the power of sale the bank sought to exercise, and that this amount has not been paid. He would not be entitled to enjoin the sale by reason of the fact that the bank was demanding of him more than he owed, until he paid or tendered the amount admitted to be due. *Washington & Lee University* v. *Suburban Development Co.*, 183 *Ga.* 130 (187 S. E. 647). In such a case, if a tender be made it must be unconditional. *Morris* v. *Continental Insurance Co.*, 116 *Ga.* 53 (42 S. E. 474). The tender alleged in the instant case was coupled with a condition that the bank cancel a lien which was transferred to it by McGuire. This made the tender an insufficient one.

■ It is set up in the petition that the creditor bank has already sued and obtained a judgment on the note to secure which was given the deed that contains the power under which the sale is contemplated, and that a motion for new trial is pending in the case that resulted in the judgment on the note. The creditor has a right to pursue both remedies concurrently until the debt is satisfied. This presents no situation where it is put to an election between inconsistent remedies. This precise question has been recently ruled on by this court. See *Oliver* v. *Slack*, 192 *Ga.* 7 (14 S. E. 2d, 593).

■ We are of the opinion that the petition can not be sustained in so far as it seeks to compel the bank to exhaust the other securities received by it from McGuire, and, if proved sufficient, to relinquish its claim against petitioner arising by virtue of the assignment to it of the contractor's lien. While under the averments the bank and Manning are both creditors of McGuire, the bank having a lien and Manning none, the bank is also a creditor of Manning and in active pursuit of him. Manning's claim against McGuire is unliquidated. This very suit prays that an accounting be had between him and complainant. The bank's claim against Manning is a promissory note, reduced to judgment in a case wherein a motion for new trial is pending, the note being secured by a deed to realty, the deed containing a power to sell, which power the bank is undertaking to exercise. The bank's equity as against McGuire is therefore greater than Manning's. To have the various securi-

ties marshaled, as prayed for, and to await an adjudication that the securities transferred to the bank by McGuire were sufficient to satisfy the bank's claim against him, and then another adjudication that the contractor's lien was invalid and to have it canceled, and on those findings to decree that the bank should look alone to the securities other than the contractor's lien which has been assigned to it, would be a misapplication of the equitable principle embodied in the Code, § 28-106. Compare *Mulherin* v. *Porter,* 1 *Ga. App.* 153 (58 S. E. 60) ; *Hanesley* v. *National Park Bank,* 147 *Ga.* 96 (92 S. E. 879) ; 38 C. J. 1381, 1382.

■ It is disclosed by the petition that Manning borrowed from the bank a sum of money to secure which he gave a deed with power of sale; that the money has not been repaid; that on the real property so deeded as security McGuire has filed a contractor's lien and has transferred this lien to the bank; that McGuire had no enforceable contractor's lien; that the same is a fictitious instrument filed by McGuire and by him transferred to the bank as a fraudulent device whereby a cloud was placed on the title of petitioner's property so as to prevent him from procuring the necessary funds with which to complete the building; that McGuire did owe the bank approximately $3850, and to secure the payment had made certain security deeds to the bank; that the property so conveyed by McGuire to the bank had a fair market value largely in excess of his debt to the bank; that McGuire and the bank have entered into an illegal, fraudulent, wrongful, and collusive scheme to defraud complainant of his property, and that pursuant thereto McGuire executed and delivered to the bank deeds conveying to it the same properties on which the bank already had conveyances given to secure his indebtedness, the bank not crediting McGuire with the value of the properties thus released; that complainant is a creditor of McGuire; that the failure of the bank to credit the account of McGuire with the value of the properties transferred to it by him was a part of the collusive conspiracy referred to, and that would bring about a condition that would compel a public sale of petitioner's property; that the contractor's lien so transferred to the bank constitutes a cloud on petitioner's title to his property; and that petitioner is a creditor of McGuire. It was not alleged that petitioner was in possession of the property covered by the contractor's lien. Among the prayers of the petition was one that the

lien filed by McGuire and transferred to the bank be decreed null and void and a cloud on petitioner's title, and that it be canceled; and for general relief. The demurrer which was overruled was general. The order overruling it was likewise general in its terms. We are of the opinion that the petition should not have been dismissed as to the bank, but retained as to it solely for the purpose of permitting the plaintiff to offer evidence in support of his allegations as to the invalidity of the lien, and it having been transferred to the bank as the result of a fraudulent collusion between it and the contractor, to be submitted to the jury, and, if found true, to cancel the same. To that extent and to that extent only did the plaintiff's averments entitle him to relief. It does not appear that proceedings have been begun to foreclose the lien. The claim of lien is open upon the records. If the allegations of the petition are true, it is a cloud on plaintiff's title. He can not compel the assignee of it to go to law and ask to foreclose, so that its invalidity may be shown. Under the statute it had twelve months from the date of its record in which to do this. Code, § 67-2002. The time had not expired when the present suit was filed. It is true that the complainant, although alleging ownership, does not allege that he is in possession of the land on which the cloud exists which he seeks to remove. It is also true that the general rule is that in order for a plaintiff to maintain an equitable petition to remove a cloud upon his title, he must allege and prove actual possession in himself. *Simpson* v. *Kelley,* 171 *Ga.* 523 (156 S. E. 198). "The reason of this rule is that where the defendant is in possession the plaintiff has a remedy to test his title at law by bringing an action in ejectment, which is ordinarily deemed an adequate remedy, and in consequence there is no ground for the exercise of equitable jurisdiction, which is based upon the fact that where the plaintiff is in possession he can maintain no action at law to test his title." *Mentone Hotel &c. Co.* v. *Taylor,* 161 *Ga.* 237, 241 (130 S. E. 527). Where the basic reason on which the rule rests is absent in a particular instance, the rule itself should not be applied. Such is the present case. The alleged cloud here is a recorded contractor's lien, which affects his right to alienate his property, just as in *Crane* v. *Barry,* 47 *Ga.* 476, a void judgment was treated as a cloud that might be cleared away. While the complainant is not entitled to any other of the relief prayed for against

the bank, the judgment refusing to sustain its general demurrer and to dismiss the action as to it must be sustained for the purpose of having the complainant present to a jury that portion of his case relating to his averments that the recorded contractor's lien, held by the bank as assignee, should be canceled as a cloud on his title. *Judgment affirmed. All the Justices concur.*