CANNON et al. v. WHIDDON, administrator.

BELL, Justice. 1. Where in a suit against several defendants an attorney filed an answer and general and special demurrers, signing the same as "Defendants' Attorney," it will be presumed, nothing to the contrary appearing, that the attorney was in fact authorized to represent all of such defendants, and to file such pleadings in their behalf. Code, § 9-604; *Edwards* v. *Wall*, 153 *Ga.* 776 (4) (113 S. E. 190). *Howell* v. *Howell*, 188 *Ga.* 803 (4 S. E. 2d, 835).

2. Where an administrator filed a suit against the widow and five named children of his intestate, two of the children being minors, to recover a tract of land, alleging that the defendants had taken possession of the land and were withholding it from the plaintiff upon the sole claim that it had been set apart as a year's support to the widow and the minor children, and alleging further that the return of the appraisers and the order admitting the same to record were, as to such land, void for uncertainty of description, and an answer and demurrers resisting the plaintiff's action were filed by all of the named defendants; and where after a final judgment in favor of the plaintiff, the widow and the two minor children brought the case to the Supreme Court, *held*, that the writ of error was not subject to dismissal for failure to make the other children parties to the bill of exceptions, either as plaintiffs in error or as defendants in error.

(a) Even if the children other than the minors might in fact be benefited by the judgment, in that it would annul the year's-support proceedings, and might thus increase the amount for distribution to them as heirs at law, they could not be treated by this court as parties "interested in sustaining the judgment," within the rule that all parties so interested shall be made parties to the bill of exceptions and served, where they actually took a contrary position in the trial court by appearing and resisting the suit as indicated in the preceding note. Code, § 6-1202; *Townsend* v. *Davis*, 1 *Ga.* 495 (2) (44 Am. D. 675); *Swift* v. *Thomas*, 101 *Ga.* 89 (2) (28 S. E. 618); *Turner* v. *Newell*, 129 *Ga.* 89 (58 S. E. 657); *Bank of Covington* v. *Cannon*, 133 *Ga.* 779 (67 S. E. 83); *Averett*

v. *Boutwell*, 151 *Ga.* 90 (106 S. E. 3); *Williams* v. *Mann*, 188 *Ga.* 212 (3 S. E. 2d, 557); *Northwest Atlanta Bank* v. *Manning*, 193 *Ga.* 186 (17 S. E. 2d, 547); *Samples* v. *Samples*, 194 *Ga.* 383 (21 S. E. 2d, 601).

(*b*) If they were interested in *reversing* the judgment, they might have been proper parties, but were not essential parties. *Federal Land Bank of Columbia* v. *Paschall*, 180 *Ga.* 224 (178 S. E. 659). The decision in *Greeson* v. *Taylor*, 160 *Ga.* 392 (128 S. E. 177), by five Justices, is not authority to the contrary. See reference to that case in *Ball* v. *Moore*, 181 *Ga.* 146, 149 (182 S. E. 28).

3. As to the two minor plaintiffs in error, who it appears were not represented by a guardian ad litem or next friend at the time the bill of exceptions was presented and certified, the bill of exceptions is amendable in this court by adding the name of an adult as next friend for such minors, as a party plaintiff in error; and the motion so to amend is allowed. See, in this connection, Code, §§ 6-1309, 3-115; *Jack* v. *Davis*, 29 *Ga.* 219 (2); *Lasseter* v. *Simpson*, 78 *Ga.* 61 (2) (3 S. E. 243); *Scott* v. *McKee*, 105 *Ga.* 256 (31 S. E. 183); *Central of Georgia Railway Co.* v. *Harper*, 124 *Ga.* 836 (53 S. E. 391); *Royal* v. *Grant*, 5 *Ga. App.* 643 (63 S. E. 708); *Marietta Fertilizer Co.* v. *Gary*, 22 *Ga. App.* 604 (4) (96 S. E. 711).

4. Where a return of appraisers setting apart a year's support to a widow and minor children of a named intestate was headed "Georgia, Thomas County," and contained the description, "seventeen acres of land conveyed to the deceased by Ed B. Leban, and being the same land recorded in deed from Ed B. Leban to Ed. Cannon in deed book 5-E, page 487, deed records in superior court, said county," such description is prima facie sufficient to identify the land; and therefore the proceedings were apparently valid as related to the question of description. *Crawford* v. *Verner*, 122 *Ga.* 814, 815-816 (50 S. E. 958); *Sizemore* v. *Willis*, 130 *Ga.* 666 (61 S. E. 536); *Hancock* v. *King*, 133 *Ga.* 734 (66 S. E. 949); *Whitfield* v. *Maddox*, 189 *Ga.* 870, 874 (8 S. E. 2d, 57).

(*a*) Such a description would have been sufficient before the act of August 19, 1918 (Ga. L. 1918, p. 122; Code, § 113-1005), providing that a plat shall be made and attached to appraisers' return; and the fact that no such plat was made and attached to the present return did not invalidate the otherwise sufficient description.

(*b*) The object of this statute was to prevent return of indefinite descriptions, resulting in defeat of year's-support proceedings, and not to establish a more rigid standard of definiteness, whereby descriptions otherwise valid might be rendered void because plats were not attached. See, in this connection, *Willcox* v. *Beechwood Band Mill Co.*, 166 *Ga.* 367 (143 S. E. 405); *Smith* v. *Smith*, 187 *Ga.* 743, 745 (2 S. E. 2d, 417); *Jones* v. *Federal Land Bank of Columbia*, 189 *Ga.* 419 (3), 424 (6 S. E. 2d, 52).

5. The action for recovery of the land being based solely on the contention that the description in the year's-support proceedings was void for uncertainty, and it appearing from the allegations of fact that the description was prima facie sufficient, the petition did not state a cause of action, and was subject to general demurrer.

6. Under the rulings contained in notes 1-3, supra, there is no merit in

the motion to dismiss the writ of error. Under the rulings in notes 4 and 5, the judge erred in not sustaining the general demurrer and dismissing the action. The further proceedings, including verdict and judgment for the plaintiff, and the refusal of a new trial, were nugatory.

*Judgment reversed. All the Justices concur.*

No. 14155. SEPTEMBER 15, 1942.

*J. E. Craigmiles,* for plaintiff in error. *Titus & Altman,* contra.