19221. TURNER *et al. v.* HELTON *et al.*

SUBMITTED JANUARY 11, 1956—DECIDED FEBRUARY 15, 1956.

*Herbert R. Edmondson,* for plaintiff in error.

*Emory F. Robinson, Wheeler, Robinson & Thurmond, R. F. Schuder,* contra.

ALMAND, Justice. The exception here is to an order sustaining general demurrers to a petition which sought injunctive relief and damages by reason of alleged trespass to real estate. The petition as amended alleged that the petitioners were the owners of certain land located in lot 97 in the 4th district of Lumpkin County, being part of the land of which their predecessor in title, Cater Stancil, died seized and possessed, as shown by two deeds which were attached as exhibits to the petition. One deed dated February 5, 1924, from J. F. Pruett as sole commissioner, to W. S. Stancil, contains the following description: "All the farm and lands owned and possessed by Cater Stancil at the time of his death in Lumpkin County, Georgia, and in the fourth district of said county, same being *composed of three acres of lot number ninety-seven* (97) being all the fifteen-acre tract conveyed to said Cater Stancil by J. T. Grizzle less twelve acres conveyed to said Cater Stancil to Wilson Stancil by deed dated 15th day of January, 1917, all of lot number ninety-eight, and fifteen acres of lot number one hundred and nineteen (119), and two acres of lot number one hundred and twenty (120) in said district and county, the same *being known as the home place of said Cater Stancil* in said county at the time of his death and *being all the land owned and possessed by said Cater Stancil* at the time of his death and *all known as his home place in said county,* and containing in all two hundred and sixty acres more or less." (Italics ours.) The other exhibit was a deed from W. S. Stancil to L. S. Turner and Berry L. Turner, the plaintiffs, which contains the following description:

"All that tract or parcel of land lying and being in the fourth (4th) district of Lumpkin County, Georgia (originally Habersham) and the same containing two hundred sixty (260) acres more or less. The same *being three (3) acres of lot number ninety-seven (97)*, all of lot number ninety-eight (98) and fifteen (15) acres of lot number one hundred nineteen and two (2) acres of lot number one hundred twenty (120). *The same being those tracts of land conveyed by J. F. Pruett,* sole commissioner of court to W. S. Stancil by deed of date February 5, 1924, and this deed is given as reference for a better description of this deed to which reference is made; and said deed is recorded in the clerk's office of the Superior Court of Lumpkin County, Georgia, in Deed Book '0-1', pages 66 and 67." (Italics ours.) The defendants' general demurrers, asserting that the amended petition failed to show any title to the 11 acres more or less of land lot 97 in the 4th district of Lumpkin County, either by conveyance, inheritance or prescription, were sustained and the case was dismissed.

It not appearing from the allegations in the petition that the plaintiffs were in possession of the land on which it is claimed the defendants were trespassing, the sole questions for determination are whether or not the description of the land of which the plaintiffs claimed they were the owners was sufficient to identify the property, and whether or not they had title to the same.

A petition to enjoin an alleged trespass on realty which fails to describe the land involved with a degree of certainty that will establish the identity of the land is subject to general demurrer (*Laurens County Board of Education* v. *Stanley,* 187 *Ga.* 389, 200 S. E. 294), but if the description contained in the petition furnishes a key whereby the identity of the land may be made certain by extrinsic evidence, it is sufficient. *King* v. *Brice,* 145 *Ga.* 65 (1) (88 S. E. 960); *Miller* v. *Stewart,* 202 *Ga.* 127 (1) (42 S. E. 2d 445). Though it is not necessary that an instrument which purports to convey real estate contain a minute or perfectly clear description to land, yet it must furnish a key to its identification. "The test as to the sufficiency of the description of property contained in a deed is whether or not it discloses with sufficient certainty what the intention of the grantor was with respect to the quantity and location of the land therein referred to, so that its identification is practicable. . . Thus, if the tract be de-

scribed as being known by a given name, or if reference is made to a more particular description in another deed or survey and plat, the instrument is prima facie good as a conveyance of title, and extrinsic evidence is admissible for the purpose of applying it to its subject matter if there is in point of fact a tract of land which corresponds to the description given in the deed." *Crawford* v. *Verner,* 122 *Ga.* 814, 816 (50 S. E. 958). In *Cannon* v. *Whiddon,* 194 *Ga.* 417 (4) (21 S. E. 2d 850), the following description was held sufficient to identify the land in question: "Georgia, Thomas County . . . seventeen acres of land conveyed to the deceased by Ed B. Leban, and being the same land recorded in deed from Ed B. Leban to Ed. Cannon in deed book 5-E, page 487, deed records in superior court, said county." In *Boney* v. *Cheshire,* 147 *Ga.* 30 (4) (92 S. E. 636), the following description in a petition was held not to be so void as to render it subject to general demurrer:. "A certain tract of land located in Troup County, State of Georgia, in the 4th land district, and being one hundred and thirteen and one-half acres from the east side of land lot 54, all of land lot 49, six acres in the immediate northeast corner of land lot 21, 112 acres from land lots 20 and 21; said tracts comprising approximately four hundred acres, and being the same property as described in deed recorded among Troup County records in book 10, page 656, and known as the Roberts Place."

The amended petition in the instant case shows that the plaintiffs are seeking to enjoin the defendants from trespassing on a tract of land located in lot 97 in the 4th district of Lumpkin County, and they allege that they are the owners of a certain tract by virtue of a deed from W. S. Stancil. The Stancil deed, which is set out in an exhibit to the petition, describes the land in lot 97 as being 3 acres, being part of a tract of land conveyed by one Pruett as sole commissioner, and that this deed is referred to for a better description, and reference is made to its record by book and page in the office of the clerk of the Superior Court of Lumpkin County. The deed from Pruett to Stancil, which is also an exhibit to the petition, describes the 3 acres in lot 97, along with other lands, as being the home place of one Cater Stancil, and as being all of the land of the deceased Cater Stancil owned by him at the time of his death. These two deeds are sufficient to

provide a key for identification of the 3 acres of land in lot 97 in the 4th district of Lumpkin County, and prima facie show title to these 3 acres in the plaintiffs, and therefore, under the authorities cited above, the petition was not subject to general demurrer on the ground that its insufficient description made the deed to the plaintiffs invalid as a conveyance of title. Accordingly, it was error to sustain the general demurrers to the petition as amended and dismiss the action.

*Judgment reversed. All the Justices concur.*