A89A0887. CALIFORNIA FEDERAL SAVINGS & LOAN ASSOCIATION v. DAY.
(388 SE2d 727)

BENHAM, Judge.

After a magistrate court issued to appellant a writ of possession for premises occupied by appellee, appellee appealed to the superior court. We granted appellant's application for interlocutory review of the superior court's denial of its motion for partial summary judgment.

In its order, the trial court found that appellee had failed to file a timely response to appellant's request for admissions and concluded that the admissions were therefore deemed admitted by appellee. See OCGA § 9-11-36 (a) (2). Appellee thereby admitted that he had executed a deed to secure debt to appellant's predecessor; that he had defaulted on the note secured by the deed to secure debt; that notice

of foreclosure had been properly published; that appellant had been the high bidder at the foreclosure sale; that he had received a letter from appellant's attorney demanding possession; that a deed under power of sale to appellant from appellee through his appointed agent had been recorded; and that appellee had paid no rent to appellant since he had gone into default.

Appellee, by remaining in possession of the premises after a lawful foreclosure of his deed to secure debt, became a tenant at sufferance and subject to summary dispossession by appellant, the purchaser at the foreclosure sale. *West v. Veterans Admin.*, 182 Ga. App. 767 (1) (357 SE2d 121) (1987). In order to obtain possession of the premises, appellant, as landlord, had to demand possession from appellee and, if refused, make an affidavit under oath in any court with subject matter jurisdiction (OCGA § 44-7-50); have the sheriff serve appellee with appellant's affidavit and the summons issued pursuant to appellant's affidavit (OCGA § 44-7-51 (a)); and submit to a trial of the issues upon appellee's response (OCGA § 44-7-53 (b)). The record and the admitted requests for admission establish the necessary landlord-tenant relationship and the fulfillment of the statutory prerequisites for a writ of possession. Appellee's appellate concern that the magistrate court did not have subject matter jurisdiction of the dispossessory action once appellee filed a response thereto, thereby rendering void the writ of possession issued by that court, is without merit. The magistrate court had jurisdiction and power over "[t]he issuance of summons, trial of issues, and issuance of writs and judgments in dispossessory proceedings. . . ." OCGA § 15-10-2 (6). By filing a response to appellant's affidavit in the magistrate court, appellee ensured "a trial of the issues . . . in accordance with the procedures prescribed for [the magistrate court]. . . ." OCGA § 44-7-53 (b). Thus, the magistrate court had jurisdiction to conduct such a trial. See also OCGA § 15-10-2 (6). *Rucker v. Fuller*, 247 Ga. 423 (276 SE2d 600) (1981), relied on by appellee, is inapposite inasmuch as it involves a dispossessory proceeding filed in a justice of the peace court which had no statutory jurisdictional basis to hear a contested dispossessory case.

*Judgment reversed. Deen, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 13, 1989 —
REHEARING DENIED NOVEMBER 28, 1989 —

*Moore & Chambliss, Keith F. Allen, Alston & Bird, Linda K. Disantis, William H. Hughes, Jr.*, for appellant.
*Griner & Alderman, Elsie H. Griner*, for appellee.