A05A1275. HILL v. FILSOOF et al.
(618 SE2d 12)

JOHNSON, Presiding Judge.

Phillip Hill appeals from the trial court's order (1) dismissing his
action to set aside the foreclosure sale of his Atlanta residence and (2)
denying his motion for summary judgment. Hill also appeals from the
trial court's writ of possession.[1] We affirm for the reasons set forth
below.

The evidence shows that on September 21, 2001, Hill delivered a
promissory note to Sherkat Nafis Trust Company, Ltd. ("Sherkat") in
the original principal amount of $1,528,800. The note was secured in
part by a deed to secure debt on Hill's Atlanta residence at 320
Wilderlake Court (the "Wilderlake Property"). On December 7, 2001,
alleging failure to pay as required by the note, Sherkat accelerated
the indebtedness and notified Hill of the commencement of foreclo-
sure proceedings. The Wilderlake Property was subsequently sold at
foreclosure to Classic Home Concepts, Inc. on August 6, 2002.

On September 6, 2002, CHC Venture Properties, LLC[2] filed a
dispossessory complaint against Hill in the Magistrate Court of
Fulton County. Hill answered the complaint and filed a counterclaim
and third-party complaint against CHC Venture, Sherkat, Fred
Filsoof, and Jason M. Woodward seeking to set aside the foreclosure
sale of the Wilderlake Property. The magistrate court issued an order

---

[1] Hill's original appeal to this Court from the aforementioned orders was remanded to the
trial court by our order dated September 2, 2004, pending relief from the stay imposed by reason
of the filing for protection under the United States Bankruptcy Code by CHC Venture
Properties, LLC, Classic Home Concepts, Inc., and Jason Woodward. Hill filed this appeal after
a United States bankruptcy judge lifted the automatic stay and notice thereof was given to the
trial court.

[2] The original action was filed in the name of Classic Home Concepts, Inc., but CHC
Venture was substituted as the plaintiff after acquiring Classic Home Concepts's interest in the
Wilderlake Property.

and writ of possession finding Hill to be a tenant at sufferance at the Wilderlake Property and ordering him to vacate the premises, but transferred Hill's counterclaim and third-party complaint to the superior court.[3] Hill appealed to the superior court from the magistrate court's order and writ of possession.

In the superior court, Hill moved for summary judgment on his counterclaim and third-party complaints. CHC Venture then filed a motion, to which Sherkat and Filsoof joined, to dismiss Hill's counterclaim and third-party complaint. The trial court granted CHC Venture's, Sherkat's, and Filsoof's motion to dismiss and denied Hill's motion for summary judgment. After CHC Venture showed Hill had violated his supersedeas bond in his appeal from the magistrate court, the trial court also entered a writ ordering Hill to surrender possession of the Wilderlake Property to CHC Venture.

1. Hill claims the trial court erred in granting CHC Venture's, Sherkat's, and Filsoof's motion to dismiss his counterclaim and third-party complaint. We disagree.

Because the trial court considered matters outside the pleadings in considering the motion to dismiss, we review the trial court's order as a ruling on motion for summary judgment.[4] "To prevail at summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law."[5] Our review is de novo.[6]

In his counterclaim and third-party complaint, Hill sought to set aside the allegedly wrongful foreclosure on the Wilderlake Property. However, evidence shows that Hill did not tender payment of the debt owed under the note secured by the Wilderlake Property, which was a prerequisite to Hill's action to set aside the foreclosure sale. "Before one who has given a deed to secure his debt can have set aside in equity a sale by the creditor in exercise of the power conferred by the deed, and injunction to prevent interference with the debtor's possession of the property conveyed by the deed, he must pay or tender to the creditor the amount of principal and interest due."[7] The tender

---

[3] The magistrate court only ruled on the dispossessory complaint, of which it had jurisdiction. See OCGA § 15-10-2 (6); *California Fed. Sav. &c. Assn. v. Day*, 193 Ga. App. 690, 691 (388 SE2d 727) (1989).

[4] *Presto v. Sandoz Pharmaceuticals Corp.*, 226 Ga. App. 547, 548 (1) (487 SE2d 70) (1997).

[5] (Footnotes omitted.) *Smith v. Gordon*, 266 Ga. App. 814 (1) (598 SE2d 92) (2004). See OCGA § 9-11-56; *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[6] *Oasis Goodtime Emporium I v. Crossroads Consulting Group*, 255 Ga. App. 375, 376 (565 SE2d 573) (2002).

[7] (Citations and punctuation omitted.) *Coile v. Finance Co. of America*, 221 Ga. 584, 585 (146 SE2d 304) (1965). See also *Taylor, Bean & Whitaker Mtg. Corp. v. Brown*, 276 Ga. 848, 849-850 (2) (583 SE2d 844) (2003) (equity will not decree the cancellation of an instrument

cannot be conditioned on the cancellation of a lien.[8] Neither fraud nor poverty constitute an equitable excuse for failure to tender.[9]

Hill contends that he tendered payment of the secured debt or, in the alternative, that it was unnecessary for him to make a tender because Sherkat had previously demonstrated that a tender would be refused, and "[e]quity will not require a useless formality."[10] On June 24, 2002, before the foreclosure and sale of the Wilderlake Property, Hill purportedly rescinded the transaction under the federal Truth in Lending Act.[11] Hill points to the responses of Sherkat's attorney as showing that Sherkat refused a proper tender. However, Hill's tender offered only to return the "principle [sic] balance that you disbursed" upon Sherkat's prior surrender of the security deed to the Wilderlake Property and other secured properties.

On July 3, 2002, Sherkat responded, through its attorney, that it would rescind the transaction and cancel the security instrument on the Wilderlake Property upon receipt of principal on the note and interest thereon at the legal rate. After Hill reiterated his offer, Sherkat's attorney responded that he did not consider Hill's offer to be a bona fide offer of rescission, or to be a "serious suggestion," but the correspondence showed that Sherkat took issue with Hill's offer to pay only principal and to pay only after the security had been released. Given that Hill admittedly owed the principal amount of the note but conditioned his tender upon Sherkat's prior surrender of the instruments securing the note, Hill did not make the payment or tender under the note required for him to seek the equitable remedy of setting aside the foreclosure of the Wilderlake Property.[12] Sherkat's responses to Hill's conditional tender do not show that a proper tender by Hill would have been a useless formality. Accordingly, the trial court properly granted CHC Venture's, Sherkat's, and Filsoof's motion to dismiss. It follows that the trial court did not err in denying Hill's motion for summary judgment on his counterclaim and third-party complaint to set aside the foreclosure.

---

where anything of value has been received until repayment is either made or tendered, or the defendant has stated that, should a tender be made, it would be refused); OCGA § 23-1-10.

[8] *Northwest Atlanta Bank v. Manning*, 193 Ga. 186, 191 (2) (17 SE2d 547) (1941).

[9] *Sapp v. ABC Credit &c. Co.*, 243 Ga. 151, 158 (4) (253 SE2d 82) (1979). Accord *Condios, Inc. v. Driver*, 145 Ga. App. 537 (1) (244 SE2d 85) (1978) (one who seeks rescission of a contract on the ground of fraud must restore or offer to restore the consideration therefor as a condition precedent to bringing the action).

[10] (Citation omitted.) *Miller v. Watson*, 139 Ga. 29, 32 (76 SE 585) (1912).

[11] 15 USC § 1601 et seq.

[12] See *Northwest Atlanta Bank*, supra, 193 Ga. at 191 (2) (debtor's tender of amount admitted to be due coupled with condition that creditor cancel lien made tender insufficient to enjoin sale under security deed). See generally *Keith v. Yarbrough*, 231 Ga. 770, 772 (204 SE2d 111) (1974).

2. Hill also claims the trial court erred in entering a writ of possession in favor of CHC Venture. We disagree.

After the magistrate court held that CHC Venture was entitled to a writ of possession to the Wilderlake Property, it set a supersedeas bond for appeal to the superior court which required Hill to pay $18,500 each month into the registry of the magistrate court.[13] On July 10, 2003, CHC Venture moved in the superior court for a writ of possession to the Wilderlake Property supported by an affidavit indicating that Hill had failed to make the July 2003 payment to the magistrate court. The trial court granted the writ on July 18, 2003. Hill does not contest that he had been under court order to make the monthly payments or that he failed to make the July 2003 payment. The trial court was authorized to grant the writ because Hill's continued possession of the Wilderlake Property was contingent on his compliance with the magistrate court's order.[14] Hill claims that entry of the writ of possession amounted to an injustice because he had made the previous monthly payments and because the writ of possession would have been moot if the trial court had considered his motion for summary judgment. Inasmuch as we find the trial court correctly denied Hill's motion for summary judgment, and Hill presents no other legal argument showing why the trial court erred in granting the writ of possession, we find Hill's claim of error has no merit.

3. Hill contends that CHC Venture's and related debtors' failure to list this appeal in their bankruptcy filings allowed their bankruptcy trustee to successfully contract to sell CHC Venture's interest in the Wilderlake Property. Hill asks that we apply the doctrine of judicial estoppel to CHC Venture's claims or remand the case for consideration of that issue. Hill's contention does not pertain to a ruling by the trial court and is not within the ambit of our appellate review. "This court is for the correction of errors, and where the trial court has not ruled on an issue, we will not address it."[15]

*Judgment affirmed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED MAY 19, 2005 —
RECONSIDERATION DENIED JULY 15, 2005.

Phillip Hill, *pro se.*

---

[13] See OCGA § 44-7-56.

[14] See *Mitchell v. Excelsior Sales & Imports*, 243 Ga. 813, 815-816 (2) (256 SE2d 785) (1979) (where a lessee fails to pay into court the rent and failed to post supersedeas bond as required by the order of the lower court, the court properly entered its order giving the lessor immediate possession); accord *Mitcham v. Reese*, 190 Ga. App. 689 (1) (379 SE2d 637) (1989).

[15] *Pyle v. City of Cedartown*, 240 Ga. App. 445, 448 (3) (524 SE2d 7) (1999).

*Berman, Fink, Van Horn, Charles Van Horn, Steven A. Wagner, Thompson, O'Brien, Kemp & Nasuti, Albert F. Nasuti, Jordan E. Lubin,* for appellees.

*Arnall, Golden & Gregory, James A. Gober,* amicus curiae.